## CANUET & SIMMONS *v.* SEABOARD AIR-LINE RAILWAY.

EVANS, J. 1. Where the court sustains a special demurrer to specified portions of plaintiffs' petition, but allows them a certain number of days in which to amend, and an amendment is accordingly filed within the time allowed, and subsequently, after the expiration of the time allowed, upon the call of the case at a regular term of court, this amendment and an amendment to this amendment are objected to by the defendant, and the court refuses to allow such amendments, such rulings do not result in a final judgment dismissing the case, but leave the petition (with the paragraphs stricken on special demurrer eliminated) still pending in the trial court. *Blackwell* v. *Ramsey-Brisben Co.*, 126 *Ga.* 812.

2. Where the only errors assigned in the bill of exceptions are the refusal of the court to allow certain amendments to the plaintiffs' petition in a case still pending in the court below, the writ of error is prematurely sued out, and this court is without jurisdiction to entertain the same. *Jackson* v. *Green*, 58 *Ga.* 460.

*Writ of error dismissed. Fish, C. J., absent. The other Justices concur.*

Submitted March 12,—Decided April 10, 1907.

A special demurrer to certain paragraphs and parts of paragraphs of the plaintiff's petition was sustained by the trial judge, on April 29, 1905, and the plaintiffs were allowed sixty days within which to amend the petition. Within the time allowed they filed the amendment. At the May term, 1906, the case was called in its order, and the court, on objection of the defendant, declined to allow the amendment which had been filed; whereupon the plaintiffs offered an amendment to their amendment. This also the court, on objection, declined to allow. It does not appear that the case was ever dismissed on demurrer, or that any final judgment was entered. The bill of exceptions complains of the refusal to allow the amendments.

*D. H. Clark,* for plaintiffs.

*W. L. Gignilliat* and *J. Randolph Anderson,* for defendant.