## 5678. GRANT *v.* ROYSTER GUANO COMPANY.

WADE, J. 1. "An amendment which sets forth an act of negligence additional to others originally pleaded as being a concurring and contributing cause of the injury, for which damages are asked in the original petition, does not add a new and distinct cause of action." *Bowen* v. *Adams,* 129 *Ga.* 688 (2), 691 (59 S. E. 795). "An amendment to the petition, which merely varies the acts of negligence, but which does not complain of any different wrong or injury from that set forth in the original petition, is not subject to the objection that it sets forth a new cause of action." *King* v. *Seaboard Air-Line Railway,* 1 *Ga. App.* 88 (4), 100 (58 S. E. 252).

2. "The direct order of the master to do an act, in the performance of which the servant is injured, may be shown by the servant as a circumstance tending to excuse him from the exercise of that degree of caution which would lawfully be expected of him in the absence of such command." *Southern Cotton-Oil Co.* v. *Gladman,* 1 *Ga. App.* 259 (5), 263 (58 S. E. 249). Where a suit against a master by a servant for damages was based upon injuries received by the servant in handling a heavy iron casting, and caused in part by the presence of certain "loose timbers" over which the servant stumbled, it was error not to allow an amendment alleging that the master negligently gave an order to the servant which, to prevent the casting from falling, required him "to move around under great strain in the immediate presence of said timbers," the presence of which and danger from which it was further alleged the master knew, or could have known in the exercise of ordinary diligence. The amendment should have been allowed as setting up facts tending to excuse the servant from that degree of caution which would otherwise be expected of him.

3. A suit for damages alleging injury caused by the fall of a heavy casting which the plaintiff undertook to steady or maintain in an upright position in obedience to an express order from his master, addressed to him notwithstanding the knowledge of the master as to the presence of certain dangerous "loose timbers" unseen by him, and over which he fell, thereby precipitating the casting upon himself, may be so amended as to charge, as an additional reason why the plaintiff stumbled and fell over the timbers, the negligent failure of the master to provide a sufficient number of laborers to properly support the casting and thus prevent the injury which resulted from his stumble over the obstructing timbers.

4. "Questions of diligence and negligence, including contributory negligence, address themselves peculiarly to the jury, and a court properly

declines to solve them by decision on demurrer, except in plain, indisputable cases." *Southern Cotton-Oil Co.* v. *Gladman,* supra. Whether the plaintiff could see certain loose timbers over which he stumbled, or exercised proper care, whether the danger was obvious and as easily known to the servant as to the master, whether warning was necessary and the failure of the master to give such warning was negligence, whether the presence of the loose timbers was to be expected and the risk was one which the servant assumed in consequence of the employment, and whether he was aware of the danger of complying with the order of the master and was justified in obeying the order, are all questions for determination by a jury.

5. The court erred in rejecting the proffered amendment, as it did not set up a new and distinct cause of action; and the court erred also in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. Broyles, J., not presiding.*
DECIDED FEBRUARY 6, 1915.

Action for damages; from city court of Macon—Judge Daly. April 15, 1914.

*Newman & Newman,* for plaintiff. *Harris & Harris,* for defendant.

