### 13002.   WOOD *v.* PYNETREE PAPER COMPANY.

The decision on a former writ of error, that the evidence in this case did not authorize a verdict for the plaintiff, fixed the law of the case as to the question now presented of the sufficiency of the plaintiff's petition as against an oral motion in the nature of a general demurrer, so far as the principle announced in that decision is applicable to the facts pleaded. Although the petition is somewhat stronger than was the evidence, its allegations are to be tested by the rule that pleadings must be construed most strongly against the plead-

6

er, while in determining whether there is evidence to warrant a verdict, the evidence will be construed most favorably in support of the verdict.
The general allegations that the plaintiff could not by ordinary care and diligence have ascertained that the rope furnished him for the service intended by the defendant was too short, and that he relied upon the defendant to furnish a rope properly spliced and of proper length, are in conflict with and must yield to inferences necessarily drawn from his prior allegations of fact, from which it appears that he was put on notice that the rope was too short, and thereafter placed his hand in a position the danger of which, in the exercise of ordinary care, he should have known, and thus received his injury.
The judge did not err in sustaining the oral motion to dismiss the petition.

DECIDED SEPTEMBER 23, 1922.

Action for damages; from Wilkinson superior court — Judge Park. October 3, 1921.

Application for certiorari was denied by the Supreme Court.

This is the third appearance of this case in this court. Wood, as plaintiff in the court below, sued the Pynetree Paper Company for damages on account of alleged personal injuries. At the first trial he recovered a verdict, which was set aside by the Court of Appeals on account of an erroneous charge. *Pynetree Paper Co.* v. *Wood,* 23 *Ga. App.* 604 (99 S. E. 222). On the second trial the plaintiff once more recovered, and the case was again brought up by the company. The decision then rendered was as follows: " The only negligence alleged in the petition was that the defendant failed to furnish to the plaintiff a rope of proper length for the purpose intended, it being alleged that the rope was too short and on that account would not go into the grooves as did the other ropes which he had placed therein. Upon the trial the evidence conclusively showed that the rope furnished by the defendant to the plaintiff had been spliced by a fellow servant who was assisted by the plaintiff, and that upon undertaking to put upon the pulley this particular rope, which was used as a belt, the plaintiff discovered that the rope was too short and undertook to force it on the pulley with a bar, and that in so doing he suffered his injury. We hold that the evidence in this case showed that the injury sustained by the plaintiff was due to the negligence of a fellow servant, and to his own negligence is undertaking to place the rope on the pulley. For this reason the court erred in overruling the motion for a new trial." 26 *Ga. App.* 250 (106 S. E. 205). When the case was in order for a third trial the company made an oral motion

in the nature of a general demurrer to dismiss the petition, which the court sustained, and the plaintiff comes now by a direct bill of exceptions complaining of this judgment.

*Allen & Pottle,* for plaintiff.

*Bryan & Middlebrooks, George H. Carswell,* for defendant.

BELL, J. (After stating the foregoing facts.) We are of the opinion that the petition fails to set forth a cause of action. Our decision, which is quoted above, has fixed the law of the case. While the question then presented was one of the sufficiency of the evidence, and that now presented deals with the sufficiency of the pleadings, yet the principle then announced will be controlling at this time in so far as the same may be applicable to the case as pleaded. It may be well to observe that in considering whether there is evidence to warrant a verdict, the evidence will be construed most favorably in support thereof, while in determining the sufficiency of a declaration the allegations must be construed most strongly against the complainant. We do not think, however, that the evidence upon the second trial proved all of the material allegations as laid, and therefore cannot say that the petition should have been dismissed solely in view of our prior decision. While the petition is somewhat stronger than was the evidence, yet it still is not strong enough to withstand the oral demurrer.

Plaintiff alleges: that the Pynetree Paper Company is a corporation engaged in the business of manufacturing paper from wood fiber and waste paper; that the plaintiff was, on the 9th day of May, 1917, in the employment of the company with duties as a general carpenter; that on said date he was ordered by the master mechanic of the company, one T. B. Grimes, who was in general supervision of the entire mechanical part of the plant of the defendant, to aid in placing upon a large pulley certain hemp or grass ropes; that the pulley was thirty-nine inches wide and had on the outer surface of it eight or ten grooves in which such ropes were to be placed; that said ropes were two inches in diameter and made of grass or hemp; that the pulley was operated by a steam engine and the ropes thereon were used for the purpose of conveying the power of the engine to other machinery in the plant, and that in order to place the ropes on the pulley it was necessary for them to be spliced by joining the

ends together. Other allegations of the petition are quoted verbatim as follows:

" 8. When the order above referred to was given to your petitioner by the said T. B. Grimes, master mechanic, your petitioner informed him that he was not familiar with splicing grass ropes, but that he had some experience in splicing wire ropes. Whereupon the said Grimes informed your petitioner that he had an expert in the business of splicing grass ropes, to wit, one W. C. Johnson, who would attend to that service, and that your petitioner could aid and assist in placing the ropes on the pulley.

" 9. Your petitioner thereafter undertook this service and aided in placing on the pulley three or four of the ropes successfully. He then undertook to assist in placing another, and in order to do so it was necessary for him to use an iron bar about two feet in length for the purpose of prying the rope into the groove as the engine caused the pulley to slowly revolve. While he was prying said rope with the bar held in his right hand, his left hand, in order to support himself, was placed on the pulley near the groove. While your petitioner was engaged in performing this duty the rope suddenly and violently slipped upon his left hand, severing therefrom the four fingers at the second joint. Said fingers were entirely cut off.

" 10. Your petitioner shows that said injury was occasioned by the fact that the rope which he was undertaking to place on said pulley was spliced too short, and that on that account it would not go into the groove as the other ropes which he had placed therein did.

" 11. Your petitioner avers that being inexperienced with the matter of splicing grass ropes, as hereinbefore set out, he did not know, nor could he have by the exercise of ordinary care and diligence ascertained that the rope was too short and that it could not be made to fit into the groove, but that he relied, as he had a right to do, on the defendant company to furnish him a rope properly spliced and of the proper length.

" 12. Your petitioner avers that at the time of said injury he was in the exercise of all ordinary care and diligence and that he could not have avoided the injury, and that said injury was attributable entirely to the negligence of the company in

failing to furnish him with the proper rope for the service intended."

While the petition alleges that the plaintiff was inexperienced in the matter of splicing grass ropes and that he had made this fact known to the company's master mechanic in charge, yet the gist of his complaint in respect to the appliance is that the rope, after it was spliced, was too short, and that his injury was " attributable entirely to the negligence of the company in failing to furnish him with a proper rope for the service intended." The only defect which is ultimately pointed out is that the rope was too short. In the 9th paragraph of the petition it is set out that after the several ropes were spliced, the petitioner aided in placing on the pulley three or four of them successfully. He then undertook to assist in placing upon the pulley the one which he alleges was defective. He shows that to do so it was necessary for him to use an iron bar for the purpose of prying the rope into the groove while the engine caused the pulley slowly to revolve. It seems that before he was injured he was put upon notice that the rope was of such insufficient length as to require extraordinary effort in order to place it into the groove. Inexperience in the matter of rope-splicing could not affect the ability to discern that the rope was not of the proper length. While the petition alleges that he could not by the exercise of ordinary care and diligence have ascertained that the rope was too short, and that he relied upon the defendant company to furnish him a rope properly spliced and of proper length, yet these general allegations, if they are in conflict with inferences necessarily drawn from his prior allegations of fact, must yield to the latter.

A servant takes the risk of being injured by defects when he knows or in the exercise of ordinary diligence ought to know of their existence, and yet, in disregard of the dangers arising therefrom, goes on with his work. *Southern Bauxite Co.* v. *Fuller*, 116 *Ga.* 695 (2), 699 (43 S. E. 64). A servant has a right to rely upon the performance by the master of the duty to furnish a reasonably safe place, in the absence of anything to suggest that the place where he is working is dangerous. *International Cotton Mills* v. *Carroll*, 22 *Ga. App.* 26 (1 b) (95 S. E. 472). But if he knows of the danger, or if it is as obvious to him as to anyone else, and he obeys an order to work in the dangerous

place, he does so at his own peril. By undertaking to work in such place and with such knowledge he assumes the risk, and the master is not liable if injury results. *City of Atlanta* v. *Trussell,* 21 *Ga. App.* 340 (3), 349 (94 S. E. 694).

Before a servant can recover for injuries caused by defects or dangers in the machinery or appliances supplied by his master it must appear, among other things, that the servant injured did not know and had not equal means of knowing such fact and by the exercise of ordinary care could not have known thereof. Civil Code (1910), § 3131.

We think that the petition leaves ground for no other inference than that the complainant was put upon notice that the rope was too short, and that thereafter he placed his hand in a position the danger of which in the exercise of ordinary care he should have known, and received his injury.

In view of the established principles of law, as well as in the light of the law of the case heretofore referred to, we must hold that the petition does not set forth a cause of action and that the court committed no error in dismissing it.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*