19806. HATCHER *v.* GEORGIA POWER COMPANY.

JENKINS, P. J., 1. Where wiring or other electrical appliances on private premises are owned and controlled by the owner or occupant of the premises, a company which merely furnishes electricity is not responsible for the insulation or condition of the wiring or appliances, and is not liable for injuries, caused by their defective condition, to the owner or occupant, or to third persons on the premises, except that the rule thus stated seems to be properly qualified to the extent that whenever electric current is supplied with actual knowledge on the part of one supplying it of the defective and dangerous condition of his customer's appliances, he will be charged with liability for injuries occasioned by supplying current for use on such defective wires or appliances. 20 C. J. 364, § 49 (D); *Hoffman* v. *Leavenworth Light &c. Co.*, 91 Kan. 450 (2) (138 Pac. 632, 50 L. R. A. (N. S.) 574).

2. In the instant case it appears that the electric current was supplied by the defendant to the Berry Schools, for the latter's use, over and along poles, wires, and equipment constructed, operated, and maintained by the customer. Since there was no duty of inspection on the part of the defendant supplying the current, the alleged element of negligence charged against the defendant, wherein it is alleged that the customer allowed a tree, which died two years after the current had been turned on the wires, to stand for four years thereafter, until, on account of its decay, it fell and broke the wires, could not be chargeable against the defendant company, which merely furnished the current, but inasmuch as it is alleged in the petition that the line of wire was originally negligently constructed by the customer, in that it entirely lacked insulation, whereas diligence required that the wire carrying such a high current over the customer's school grounds should have been properly insulated, and, inasmuch as the petition alleged that such defective and dangerous condition was known to the defendant at the time it turned on its current, and during the time it continued to furnish the current, this court can not say, as a matter of law, that the defendant company was free from negligence in continuing to furnish electricity for distribution over such allegedly negligently constructed equipment, or that the falling of the dead tree across the line was the sole proximate cause of the injury to the decedent. *Gillespie* v. *Andrews,* 27 *Ga. App.* 509 (108 S. E. 906). Accordingly, the court erred in sustaining the demurrer and dismissing the suit.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 29, 1930.

*Porter & Mebane,* for plaintiff.   *Dean & Camp,* for defendant.