22649.   MATTHEWS *v.* CENTRAL OF GEORGIA RAILWAY COMPANY *et al.*

DECIDED APRIL 5, 1933.

*Knight & Patterson, Benjamin B. Garland,* for plaintiff.

*Little, Powell, Reid & Goldstein, McDaniel, Neely & Marshall,* for defendants.

SUTTON, J. (After stating the foregoing facts.)

The allegations of a plaintiff's petition must be construed most strongly against him, and where the allegations are inconsistent and contradictory, the plaintiff is bound by those most favorable to the defendant. *Dawson* v. *Bolton,* 166 *Ga.* 232 (143 S. E. 119) ; *Wood* v. *Pynetree Paper Co.,* 29 *Ga. App.* 81 (114 S. E. 83). Thus construing the petition in this case, we find that the plaintiff entered into the Terminal Station, the depot where the trains of both defendants received and discharged passengers, with the intention of boarding a train of the Central of Georgia Railway for Florida, without purchasing a ticket but with the money to pay his fare, and, without any knowledge on the part of the Central of Georgia Railway or acceptance of him as a passenger, either express or implied, crossed the tracks of the defendants at a point where a track of the Southern Railway ran parallel with the track of the Central of Georgia on which was the train he intended to board, and where

the space between the two tracks was narrow, and attempted to board the train of the Central of Georgia as it was moving from the station; and, while he was holding onto the train of the Central and thus attempting to board it, within 100 yards of the station, and due to the narrowness of the space between the two tracks at this point, he was struck by a train operated by the Southern at a speed of thirty-five miles an hour, and which approached without warning of any sort, and sustained the injuries for which he brought the present action. In these circumstances, we do not think that the plaintiff has made a case entitling him to recover for the injuries thus sustained. He has not shown that he occupied the status of a passenger at the time he was so injured. It was his own act in attempting to board the train of the Central, while it was moving from the station at a point where the space between the parallel tracks of the Central and Southern were narrow, that brought about the injury to him and was the proximate cause thereof, and not the alleged negligence of either of said railroad companies.

To give rise to the relation of carrier and passenger, there must be not only an intent on the part of a person to avail himself of the facilities of the carrier for transportation, but also an express or implied acceptance of him as a passenger. Those who by express or implied assent are crossing the premises of a carrier for the purpose of going on a train, or are in the act of mounting the car steps, and who have not purchased tickets, are not passengers unless their acts are such as are presumed to be known and assented to by the agents of the carrier. There are two main elements in the legal definition of a passenger: first, an undertaking on the part of the person to travel in the conveyance provided by the carrier, and, second, an acceptance by the carrier of the person as a passenger, which acceptance may be either express or implied from attending circumstances. A person may become a passenger without having come into the train, if the surrounding circumstances show an intent on his part to become a passenger, and an acceptance of him by the carrier as a passenger, even though he has not purchased a ticket. The relation of carrier and passenger is a contract relation, which commences when the passenger has put himself into the care of the carrier and directly within its control, with a bona fide intention of being transported, and the carrier has expressly or impliedly received and accepted him as a passenger; and of necessity

the existence of the relation is commonly to be implied from attending circumstances. A mere intention on the part of one to become a passenger, without regard to any act on the part of the carrier from which an acceptance of him as a passenger might arise, expressly or by necessary implication, does not constitute such person a passenger. See *Georgia & Florida Ry. Co.* v. *Tapley,* 144 *Ga.* 452, 454 (87 S. E. 473, L. R. A. 1916C, 1020), et seq; *Central R. Co.* v. *Perry,* 58 *Ga.* 461; *W. & A. R. Co.* v. *Voils,* 98 *Ga.* 446 (26 S. E. 483, 35 L. R. A. 655). We do not think that the plaintiff has shown himself to be a passenger. He has alleged the intention upon his part to become a passenger, but he has not shown any express act of acceptance of him as a passenger by the carrier, or any facts from which such acceptance might arise by necessary implication. As acceptance by the carrier is one of the necessary ingredients of the relation of carrier and passenger, and the plaintiff has failed to allege this or to allege facts from which it might be implied, he has not established that he was a passenger at the time of his injury. It is true that it would be for the jury to say whether the danger of pursuing and boarding a moving train was, under the circumstances of the case, a lack of ordinary care on the part of a passenger; but the plaintiff has not shown himself to be a passenger, and the rule laid down in *Central R. Co.* v. *Perry,* supra, does not apply. It is true that the plaintiff alleges that he was at the customary place of the Central of Georgia Railway to receive and discharge passengers, when he attempted to board the train and was injured; but it is likewise true that he alleges that while he was crossing the tracks to enter the train of the Central of Georgia and while he was in the act of boarding such train as it was moving from the station, he was, due to the narrowness of the parallel tracks of the Central and Southern at this point, struck by a train of the latter and injured. Under the rule laid down at the commencement of this opinion, this court will adopt the latter allegations in the above sentence as constituting the true facts of this case. Plaintiff likewise further alleges that the point where he was struck was "at or near" the southern extremity of the passenger platform; and that he sustained his injuries within one hundred yards of the terminal building, although within the station area. From the facts alleged it appears that the plaintiff voluntarily placed himself in a situation of peril when he attempted to board this moving train,

and that his injury was due to his own negligence in so placing himself. *Briscoe* v. *Southern Railway Co.*, 103 *Ga.* 224 (28 S. E. 638); *Grady* v. *Georgia Railroad & Banking Co.*, 112 *Ga.* 668 (37 S. E. 861); *Simmons* v. *Seaboard Air-Line Railway Co.*, 120 *Ga.* 225 (47 S. E. 570, 1 Ann. Cas. 777). It follows that the court below did not err in sustaining the general demurrers and dismissing the action.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*