33299. SELF *v.* WEST

DECIDED DECEMBER 1, 1950.

*E. B. Judge,* for plaintiff.

*Fine & Efurd, Frank L. Conner,* for defendant.

SUTTON, C.J. Charlie D. Self sued Mary Millican West and the Southeastern Fair Association, in Fulton Superior Court, for

$25,000 damages and alleged, substantially, that on or about October 1, 1949, he was employed by Mary Millican West to operate a ride known as "The Rocket," which was located at Lakewood Park, Fulton County, Georgia, and was being operated under the auspices of the Southeastern Fair Association; that the rocket ride was owned by Mary Millican West and was operated by her and her agents and servants; that the petitioner was working on another ride known as "The Wheel," but upon request of the defendant, West, he quit that job and accepted the job of operating the rocket ride at a salary of $150 for a period of ten days; that upon accepting the terms of employment and beginning work as an operator of the rocket ride the petitioner was given instructions on the operation, maintenance, and care of the ride by West Millican, an agent of the defendant, West; that along with the operating instructions of said rocket ride the petitioner was given further instructions on how to grease or powder the tracks, upon which said rocket ride operated, as follows: the petitioner was to take a substance designated to him as a "powder" for the greasing of the rocket ride track, slow the speed of the rocket ride to approximately five miles per hour, mount said ride between the cars for carrying passengers and sprinkle the powder on the track, after which the petitioner would have to dismount while the ride was still in motion, all of which was dangerous per se, and such danger should have been made known to the petitioner along with the instructions for operation, but the petitioner was never warned of the danger of his occupation; that the petitioner did operate said ride for the defendant, West, diligently and with due care and caution, according to the instructions given by the defendant, West, through her agent, West Millican; that the petitioner proceeded to grease or powder the tracks by and through the instructions and orders of the defendant, West, and after completing that portion of the job did attempt to get off the ride, all according to instructions, but in doing so, while in the exercise of ordinary care, the petitioner was thrown to the ground, and his foot was caught and mangled by the under portion of the rocket ride, presumably between the wheel and track, all of which was no fault of the petitioner's, who was at the time exercising ordinary care and diligence in pursuance of his occupa-

tion; that the petitioner suffered injuries, the nature and extent of which were described; that some of the injuries were permanent and that, as a result thereof, he has been prevented from following his occupation as a laborer at which he was earning from $10 to $15 per day; that the defendant, West, was negli-gent in that she operated or allowed to be operated said rocket ride in a manner which was unsafe, in that she failed to inform the petitioner of the danger of his employment, and in that she did not issue any safety instructions on the manner in which his employment was to be performed but instead did knowingly and expressly instruct the petitioner to perform his duties in a dangerous manner without any warning to the petitioner; that the petitioner at the time of the alleged accident was new, inexperienced and unfamiliar with the operation of the rocket ride, having only the instructions set out herein; and that the petitioner was not warned in any way of the tendency of the cars to sway or jump due to a poorly laid road bed, all of which was well known or should have been well known to the defendant, West.

The defendants filed separate general and special demurrers to the petition. The trial judge sustained the general demurrer of each defendant and dismissed the action. The plaintiff excepted only to the dismissal of his action against Mary Millican West.

■ While it is true that "If there are latent defects in machinery, or dangers incident to an employment, unknown to the servant, of which the master knows or ought to know, he shall give the servant warning in respect thereto" (Code, § 66-301), it is also true that, "A servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself. In suits for injuries arising from the negligence of the master in failing to comply with the duties imposed by section 66-301, in order that the servant may recover it must appear that the master knew or ought to have known of the incompetency of the other servant, or of the defects or danger in the machinery supplied; and it must also appear that the servant injured did not know and had not equal means of knowing such fact, and by the exercise of ordinary care could not have known thereof." Code, § 66-303.

"In an action by a servant against a master for alleged fail-

ure of duty on the part of the latter in not giving to the servant warning of a danger incident to his employment, it must appear that the master knew or ought to have known of the danger, and that the servant injured did not know and had not equal means with the master of knowing such fact, and by the exercise of ordinary care could not have known it. If the danger be obvious and as easily known to the servant as to the master, the latter will not be liable for failing to give warning of it. [Citations.] As the purpose of instructions by a master to an inexperienced servant is to enable the servant to avoid dangers incident to his employment, if the servant knows of such dangers, instructions are unnecessary. [Citation.] In the absence of anything to the contrary, every adult is presumed to possess such ordinary intelligence, judgment, and discretion as will enable him to appreciate obvious danger. Therefore an adult servant of ordinary intelligence will be held to be affected with knowledge of a manifest risk or danger incident to the doing of a particular thing in the operation of a machine, during his employment, although he may be inexeperienced as to such operation and though the master may have failed to instruct him in respect thereto." *Hendrix* v. *Vale Royal Mfg. Co.*, 134 *Ga.* 712 (68 S. E. 483) ; see *Holman* v. *American Automobile Ins. Co.*, 201 *Ga.* 454 (2) (39 S. E. 2d, 850), and cases therein cited.

It is alleged in the petition that the plaintiff was given instructions by an agent of the defendant as to the operation of the rocket ride, including instructions as to powdering or greasing the tracks of the ride by slowing the ride to approximately five miles per hour and by mounting the ride between the cars and sprinkling the powder on the tracks, and then dismounting while the ride was still in motion, all of which was dangerous per se; that after greasing the tracks and while attempting to get off the ride, he was thrown to the ground and injured, without fault of the plaintiff and while he was exercising ordinary care in pursuance of his occupation.

The pleaded facts show that the duties of the plaintiff in connection with the operation of the rocket ride were of a dangerous nature. In fact, it is alleged that the work in this connection was dangerous per se. In the absence of any allegation to the contrary, it must be assumed that the plaintiff was of ordinary

intelligence and laboring under no disability which rendered him incapable of knowing and appreciating the dangers incident to his employment. The ordinary risks of the employment, though there be dangers attendant thereon, are assumed by the servant, and especially is this true where the dangers are obvious.

Where it appears from the petition, as it does here, that the danger of the employment was obvious and that the plaintiff had equal means with the defendant of knowing and appreciating the danger of such employment, it will be deemed that the plaintiff assumed the risks of his employment and is not entitled to recover under the allegations of the petition.

The petition was subject to general demurrer, and the trial judge did not err in sustaining the demurrer and in dismissing the action.

*Judgment affirmed. Felton and Worrill, JJ., concur.*