34411.   CARTER *v.* CALLAWAY *et al.*

DECIDED FEBRUARY 28, 1953—REHEARING DENIED MARCH 12, 1953.

*J. C. Bowden, A. G. Smith,* for plaintiff in error.

*Scott Hogg, George Carroll, Dunaway, Howard & Embry,* contra.

CARLISLE, J. ■ " 'A company which produces and furnishes gas is bound to use such skill and diligence in its operations as is proportionate to the delicacy, difficulty and nature of that particular business.' *Chisholm* v. *Atlanta Gas Light Co.,* 57 *Ga.* 29 (1)." *Atlanta Gas Light Co.* v. *Johnson,* 76 *Ga. App.* 413 (1) (46 S. E. 2d, 191).

"Where an appliance for heating water by gas, on private premises, is owned and controlled by the owner or occupant of the premises, a company which did not sell or install the appliance, but merely furnished gas to it, is not responsible for the condition of the appliance, and is not liable to the owner or occupant for injuries caused by its defective condition, unless the gas is supplied by the company, with *actual* knowledge on its part of the defective and dangerous condition of the appliance. See *Hatcher* v. *Georgia Power Co.,* 40 *Ga. App.* 830 (151 S. E. 696) ; 12 R. C. L. 909, § 49; 25 A. L. R. 272; *Bell* v. *Huntington Development & Gas Co.,* 106 W. Va. 155 (145 S. E. 165)." *Metz* v. *Georgia Public Utilities Corp.,* 52 *Ga. App.* 771 (184 S. E. 629).

Under an application of the foregoing principles of law and under a construction of the petition most unfavorable to the pleader, the plaintiff did not state a cause of action against the defendant Gas Inc., and the trial court did not err in sustaining

that defendant's general demurrer. The plaintiff does not allege that Gas Inc. sold the appliances to the defendant Callaway, or that it installed them, or that Gas Inc. was under any duty, contractual or otherwise, to inspect the appliance. While it is alleged that, some time prior to the date of the alleged explosion, the plaintiff had discovered that gas had escaped in *certain of the houses or cabins* of the tourist court, from leaks in the pipes, heaters, and stoves, and while it is alleged that the defendant Gas Inc., "knowing that the said pipes, stoves, and heaters were defective and not properly fitted to prevent the leaking of gas into the houses and cabins, continued to furnish gas to the defendant Callaway," it is nowhere alleged that the pipes, heaters, and stoves in the cabin or house in which the explosion occurred were defective or had ever leaked; and the defendant Gas Inc.'s knowledge that the pipes, stoves, and heaters were defective and had been leaking does not constitute knowledge that the appliances in the particular cabin or house in which the explosion occurred were also defective and leaking, and the plaintiff shows no obligation on the part of Gas Inc. to have inspected the pipes, heater, and stove in that particular house or cabin before furnishing the defendant Callaway gas.

A servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself. In suits for injuries arising from the negligence of the master in failing to comply with the duties imposed by Code § 66-301, in order that the servant may recover it must appear that the master knew or ought to have known of the defects or danger in the machinery supplied, and it must also appear that the servant injured did not know and had not equal means of knowing such fact, and by the exercise of ordinary care could not have known thereof.

The employer is not an insurer of the safety of his employees, and is bound only to the exercise of reasonable care in this connection (*Connell* v. *Fisher Body Corp.*, 56 *Ga. App.* 203, 208, 192 S. E. 484); and, while the employer is bound to exercise ordinary care in furnishing the employee a safe place in which to work, the servant must exercise like care in discovering any defects therein. *Chenall* v. *Palmer Brick Co.*, 117 *Ga.* 106 (4) (43 S. E. 443); *Norris* v. *American Express Co.*, 156 *Ga.* 150, 153 (118 S. E. 686).

It is the general rule that the allegations of a petition, when attacked by appropriate demurrer, be construed most strongly against the pleader. So, where general allegations setting up negligence are followed or preceded by specific detailed averments, the general ordinarily must yield to the specific averments. *Baggett* v. *Edwards,* 126 *Ga.* 463 (55 S. E. 250); *Palmer Brick Co.* v. *Chenall,* 119 *Ga.* 837, 844 (47 S. E. 329); *McClure Ten Cent Co.* v. *Humphries,* 29 *Ga. App.* 524 (1) (116 S. E. 54); *Doyal* v. *Russell,* 183 *Ga.* 518 (189 S. E. 32); *Green* v. *Perryman,* 186 *Ga.* 239 (197 S. E. 880); *Wood* v. *Pynetree Paper Co.,* 29 *Ga. App.* 81 (114 S. E. 83).

Defective pleadings cannot be aided by the maxim "res ipsa loquitur." *Weems* v. *Albert Pick Co.,* 33 *Ga. App.* 579 (127 S. E. 819).

Under an application of the foregoing principles of law to the allegations of the petition, the plaintiff failed to state a cause of action against the defendants, Callaway and Whittle, and the trial court did not err in sustaining their general demurrers.

The exact wording of the general allegations of negligence charged against the defendant Callaway follows: "The defendant Callaway was negligent in keeping, using, and maintaining said houses or cabins equipped with pipes, stoves, or heaters having connections that would and did cause said gas to escape, and so using the same after having knowledge of the same, or could and should have had such knowledge by and through his vice-principal Whittle. Was negligent in continuing to purchase and use said gas after knowing that the same would and did escape into said houses or cabins as alleged in the foregoing. Was negligent in failing to repair, adjust, fix, and securely tighten said pipes, stoves, or heaters, and the joints thereof and therein, in a way that said gas would not so escape therefrom into said houses or cabins 'and by doing so was highly dangerous for any person to go therein without notice thereof. Was negligent as aforesaid, knowing that plaintiff was ignorant of the nature of said gas, the dangerous effect of the same after escaping into said houses or cabins, both dangerous to breathe and more dangerous on coming in contact with blazing fire, as is related in this petition."

The exact wording of the general allegations of negligence

charged against the defendant Whittle is: "The defendant Whittle was negligent in failing to adjust, fix, repair and correct said pipes, stoves, or heaters, and the joints or connections therein in a way that said gas would not escape. In keeping and using said pipes, stoves, or heaters after having knowledge that the same was leaking or that gas was escaping therefrom into said houses or cabins. In assuring plaintiff, after attempting to repair, fix, adjust and correct the defects in said pipes, stoves, or heaters, wherefrom said gas escaped, that there would and could not be any danger because of said leaking or escaping gas. In permitting, requiring, allowing, and directing plaintiff to go into said houses or cabins to do his duties and perform his work in cleaning and preparing said houses or cabins for use by guests, patrons, or customers, and in failing to warn plaintiff of the danger of said escaping gas, knowing that plaintiff was ignorant of the nature and danger of said gas, and knowing of his lack of experience therewith. In continuing to purchase and use said gas after knowing the same would and did escape into said houses or cabins as alleged in the foregoing petition, and knowing the same was difficult to sense after so escaping and further knowing that said gas was in the nature of a hidden danger, after escaping into a closed house, to any person going therein. Both these defendants, Callaway and Whittle, were negligent in failing to furnish plaintiff a safe place to do his work, labor, and duties required of him as alleged in this petition."

While it is alleged that the plaintiff had not equal means with the defendants Callaway and Whittle to know that the gas would escape, to know of the dangers of escaping gas, or to know that the explosion would take place, and while it is alleged that the plaintiff had no means of detecting the escaping gas, it is also alleged that, on several occasions prior to the date of the explosion, gas had escaped and accumulated in certain of the cabins or houses and that the plaintiff had notified the defendant Whittle thereof. These allegations are inconsistent and contradictory, and properly construed, the petition must be taken as having alleged that the plaintiff could detect escaping gas. His own petition shows that he had done so on several occasions.

While it is alleged that the defendants were negligent in failing to repair, adjust, fix, and securely tighten the pipes, stoves, or heaters, and negligent in continuing to use the gas after knowing that it would and did escape, it is also alleged that the defendant Whittle, upon being notified of the escape of the gas, had the pipes, heaters, and stoves inspected and repaired. These allegations are inconsistent and contradictory, and properly construed, the petition must be taken as having alleged that the pipes, stoves, and heaters were inspected and repaired. It is not alleged that the inspection or the repair was negligently performed. The plaintiff's own petition shows that the inspection and repair were made.

While it is alleged that there had been leaks and accumulation of gas in certain of the houses or cabins, it is not alleged that there had been any leakage in the particular cabin or house in which the explosion occurred, nor is it alleged that there had been leaks and accumulation of gas in all of the houses or cabins, or that the entire gas system was defective; and, if it be contended that the leaks and accumulation of gas in certain of the houses was sufficient to have put the defendants on notice of leaks in other houses or cabins or leaks throughout the system, it is not alleged that the defendants failed to have all the houses or the entire gas system inspected and repaired at the times the plaintiff had notified them of the leaks and accumulation of gas in certain of the houses or cabins, nor is it alleged that the condition of the gas leakage and accumulation of it in the cabins or houses continued after the several times at which the plaintiff reported the condition to the defendants. It is not alleged in particular how the gas came to be in the house or cabin in which the explosion occurred; and, so far as the petition shows, the gas could have been there as the result of the negligence of a transient guest's having failed to shut off one of the heaters or stoves properly.

It is also alleged in the petition that the duty of inspecting the cabins and reporting defects therein rested upon the plaintiff himself, and while this agreement between the plaintiff and the defendants could not change the defendants' duty and liability to the general public, the plaintiff servant cannot assume the duty of inspection and at the same time charge the master

with a failure to inspect. *Southern Bell Telephone &c. Co.* v. *Covington,* 139 *Ga.* 566 (3) (77 S. E. 382) ; *Stewart* v. *Savannah Electric Co.,* 133 *Ga.* 10 (65 S. E. 110, 17 Ann. Cas. 1085).

Properly construed, the petition failed to state a cause of action, and the trial court did not err in sustaining the general demurrers of the defendants Callaway and Whittle.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*