18491. FULTON COUNTY *et al. v.* SPRATLIN.

HAWKINS, Justice. 1. "Until final judgment upon a pending action, the repeal of a statute which gives the cause of action upon which the suit is predicated destroys the right, and the action ipso facto abates. As long as the defendant has a right of exception to any judgment which may have been rendered in such an action, such judgment is not final, and the repeal of the statute deprives the courts of any further jurisdiction of the case." *Western Union Telegraph Co.* v. *Lumpkin,* 99 *Ga.* 647 (26 S. E. 74).

2. As was said in *City of Valdosta* v. *Singleton,* 197 *Ga.* 194, 208 (28 S. E. 2d 759), "a reviewing court should apply the law as it exists at the time of its judgment rather than the law prevailing at the rendition of the judgment under review, and may therefore reverse a judgment that was correct at the time it was rendered and affirm a judgment that was erroneous at the time, where the law has been changed in the meantime and where such application of the new law will impair no vested right under the prior law." See also Texas Co. *v.* Brown, 258 U. S. 466 (2), 474 (42 Sup. Ct. 375, 66 L. ed. 721).

3. "The fact that one obtains a status under the provisions of one law does not amount to a contract or create a vested right that prevents a subsequent legislature from repealing the old law and passing a new one." *Franklin* v. *Harper,* 205 *Ga.* 779, 792 (55 S. E. 2d 221).

4. Applying the foregoing principles of law to this case—in which the plaintiff predicated his action on that portion of section 5A of the Civil Service Act of 1949 (Ga. L. 1949, p. 1784), reading as follows: "except that a member of the classified service serving a term of office to which such person was theretofore appointed extending beyond the time when retirement becomes mandatory hereunder shall be permitted to serve the balance of such term before being retired but no longer," which provision was repealed by an act of the legislature approved December 21, 1953 (Ga. L. 1953, Nov.-Dec. Sess., p. 2716)—the judgment of the trial court rendered in favor of the plaintiff must be reversed, irrespective of whether the judge erred at the time of its rendition, because it has subsequently become erroneous by operation of this repealing statute. *Bowers* v. *Keller,* 185 *Ga.* 435, 438 (195 S. E. 447).

*Judgment reversed. All the Justices concur.*

ARGUED FEBRUARY 9, 1954—DECIDED MARCH 9, 1954.

*Harold Sheats, E. A. Wright, Standish Thompson,* for plaintiffs in error.

*John L. Westmoreland, John L. Westmoreland, Jr., J. Ralph McClelland, Jr.,* contra.

On October 22, 1953, William Hance Spratlin filed his petition in Fulton Superior Court for a declaratory judgment and injunctive relief, against Fulton County, named members of the

Board of Commissioners of Roads and Revenues, and the County Manager of said county. An answer was filed on November 17, and the case came on for trial on November 27, before the judge without the intervention of a jury.

The only evidence introduced was by Spratlin, consisting of certified copies of affidavits, and certain letters, all of which were set out in full in the bill of exceptions. The pleadings, said documents, and the judgment and decree of the court constitute the entire record.

The uncontroverted evidence shows: that Spratlin was reappointed by J. W. Simmons, Clerk, Superior Court, on or about December 23, 1952, to an alleged four-year term of office as deputy to coincide with the term to which said clerk had been elected and which was to expire December 31, 1956; that Spratlin was a deputy in the office of the clerk and was in the classified section of Fulton County Civil Service, and was subject to the law, rules, and regulations governing the same; that Spratlin attained the age of 70 years on August 5, 1953, and under the civil service laws governing Fulton County, was subject to be retired as of December 31, 1953, unless he was serving a term of office to which he had been legally appointed, in which event he would be subject to be retired at the end of said term, viz., December 31, 1956; that Spratlin was given the notice required by law that his services would not be required after December 31, 1953, and the salary payments to him by Fulton County would be terminated as of that date, for the reason that he had attained the age of 70 during that year, and had no valid term of office under the law.

The civil-service provision relied upon by the plaintiff is section 5A of the Civil Service Act of 1943, as amended in 1945, 1946, and 1949 (Ga. L. 1943, p. 971; 1945, p. 850; 1946, p. 245; 1949, p. 1784), and reads as follows: "All members of the classified service shall be retired on account of age effective at the end of the calendar year in which they respectively attain the age of seventy (70) years, except that a member of the classified service serving a term of office to which such person was theretofore appointed extending beyond the time when retirement becomes mandatory hereunder shall be permitted to serve the balance of such term before being retired but no longer."

It was agreed by the parties that a definite controversy exists, and that the court should, by declaratory judgment, determine and fix the rights of the parties and afford appropriate relief.

Spratlin contended that he is a deputy clerk in the office of the clerk of the superior court, that he enjoys a term of office, and under the application of the above-quoted section of the civil-service statute, is entitled to continue his duties and to receive the emoluments of his office through December 31, 1956. The defendants contended that Spratlin had no term of office and was therefore subject to be retired as of December 31, 1953.

The trial judge, after considering the evidence and argument of counsel, issued a judgment and decree on November 27, 1953, the material portions of which are:

"The petitioner herein, William Hance Spratlin, has the right to serve the balance of the term to which he has been appointed as Deputy Clerk of Fulton Superior Court, which term will expire December 31, 1956, and cannot be required to retire as an employee of Fulton County prior to December 31, 1956, solely on the basis that he has now attained seventy (70) years of age.

"That it is not mandatory that the petitioner . . . be retired as an employee of Fulton County as of December 31, 1953, for the sole reason that he became seventy (70) years of age on August 5, 1953, but should be permitted by the defendants herein to serve until December 31, 1956, before being retired.

"The defendants herein, as well as any agent, servant, or employee acting for them or at their direction, are enjoined from making it mandatory that William Hance Spratlin retire as of December 31, 1953, from refusing to approve payment of his full stipulated salary as of and after that date, and from refusing to permit petitioner to serve the balance of the term to which he has been appointed, and which does not expire until December 31, 1956, on the sole basis that he has now attained seventy (70) years of age."

The exception is to this judgment.