### 42019. ST. PAUL FIRE & MARINE INSURANCE COMPANY v. POSTELL et al.

SUBMITTED MAY 4, 1966—DECIDED MAY 30, 1966—
REHEARING DENIED JUNE 23, 1966.

*Swift, Currie, McGhee & Hiers, Warner S. Currie, Albert E. Phillips,* for appellant.

*Alston, Miller & Gaines, Ronald L. Reid,* for appellees.

EBERHARDT, Judge. ■ The motion to dismiss is denied. We are not confronted with the question of whether, under the Appellate Practice Act of 1965, there may be an appeal from the verdict, for the notice of appeal specifically asserts that it is from the judgment. That having been done, appellant was free to enumerate as error any matter affecting the judgment. The recitation in the statement of jurisdiction in the enumeration of errors that the appeal is from the verdict must yield to the notice of appeal, which is from the judgment in clear terms.

■ The first enumeration of error is that the verdict for penalty and attorneys fees was, in view of the evidence at the trial, contrary to law.

We agree. It is too well settled to require citation of authority that bad faith means a frivolous or unfounded refusal to pay, that penalties are not favored and a clear right to recovery must be shown, the burden of showing bad faith being on the plaintiff. Whether there was bad faith is to be judged by the case made at the trial. *Interstate Life &c. Co. v. Williamson*, 220 Ga. 323 (138 SE2d 668). If the evidence is such that a finding in accordance with the contentions of the defendant would have been authorized, a finding of bad faith is not authorized. *Royal Ins. Co. v. Cohen*, 105 Ga. App. 746, 747 (125 SE2d 709).

There was a sharp conflict in the evidence as to whether the damage had resulted from hail. While plaintiff's evidence was that there was a hailstorm on July 24 and following it holes appeared in the roof permitting water to run through and damage ceilings, etc., there were witnesses experienced in construction, roofing, etc., who testified for the defendant that an examination of the roof a few days after July 24 revealed that the roof was of rolled roofing material, appeared to be 15 to 18 years old, completely worn out, that there was no evidence indicating hail damage, and that in their opinion the leaky condition of the roof resulted from its old, worn condition. There was also a conflict as to the amount of the damage, if there had been hail damage. Plaintiff's evidence indicated a cost of replacing the roof at from $456 to $774.60, while the defendant's evidence indicated that it could be done for $297. Plaintiff's evidence indicated that there was a cost of repairing damage to ceilings, etc. of $561.30,

while defendant's evidence indicated a cost of only $207.70. These were questions for resolution by the jury, and they would have been authorized to find in accordance with the evidence of either party.

Certainly the defense here could not be said to fall short of showing reasonable and probable cause for making it, and in that situation it vindicated the good faith of the defendant as effectually as a complete defense to the action would have done. The award of penalty and attorneys fees was not authorized. *Insterstate Life &c. Co. v. Williamson,* 220 Ga. 323, 325, supra.

■ The second enumeration of error asserts that there was no evidence to support the award for damages to the interior of the building. A jury question was made on this issue, and this enumeration is without merit.

■ A third enumeration asserts that the actual damages are not supported by the evidence. Again, we think it was a jury question.

*Judgment affirmed with direction that the award of penalty and attorneys fees be written off. Bell, P. J., and Jordan, J., concur.*

ON MOTION FOR REHEARING.

Concerning Division 1 of the opinion, it is urged that since the notice of appeal was only as to the judgment entered on the verdict, and not as to any judgment denying a motion for new trial or denying a motion for judgment notwithstanding the verdict, it must follow that the trial court has not considered or passed upon any of the errors listed in appellant's enumeration of errors, all going to the matter of whether the verdict was authorized by the evidence, and thus this court is without jurisdiction to pass upon them.

We can not agree. The Appellate Practice Act of 1965 was designed to permit an appeal with or without the filing of a motion for new trial. *Code Ann.* § 6-702. The legislature, apparently recognizing that the question of whether the trial court had considered and approved the verdict as supporting the evidence might be raised when the appeal is without a motion for new trial, amended this section of the Act (Ga. L. 1966, pp. 493-501) adding the provision: "The entry of judgment on the verdict by the trial court constitutes an adjudication by

the trial court as to the sufficiency of the evidence to sustain the verdict, affording the basis for review on appeal without further ruling by the trial court."

The case now before us was pending in the trial court when this amendment became effective. While "[t]here is a well-settled inhibition against retroactiveness" (*Moore v. Howard,* 181 Ga. 605 (2) (183 SE 495)), this is as to laws affecting substantive or vested rights. The procedures of the courts are always subject to legislation (*Willis v. Fincher,* 68 Ga. 444, 445), and when the law is of a remedial or procedural nature it may be applied retroactively. *Pritchard v. Savannah R. Co.,* 87 Ga. 294, 297 (13 SE 493); *Baker v. Smith,* 91 Ga. 142 (1) (16 SE 967); *Hammack v. McDonald,* 153 Ga. 543 (113 SE 83); *Scott v. Oxford,* 105 Ga. App. 301, 303-305 (124 SE2d 420). Indeed, we have held the 1966 amendment to the Appellate Practice Act of 1965 to be retroactive as to pending cases in this court. *Horton v. Western Contracting Corp.,* 113 Ga. App. 613 (149 SE2d 542). And see *City of Valdosta v. Singleton,* 197 Ga. 194, 208 (28 SE2d 780); *Fulton County v. Spratlin,* 210 Ga. 447 (2) (80 SE2d 780).

The statement in *Anthony v. Penn,* 212 Ga. 292, 293 (92 SE2d 14) that laws prescribe for the future and are not to be given a retroactive effect unless by express provision or necessary implication does not require a different conclusion. In that case the law dealt with substantive rights. Further, the 1966 amendment was obviously to make certain the purpose and design of the Appellate Practice Act to permit appeals with or without a motion for new trial, and there is a necessary implication of retroactive effect intended.

*Motion denied.*