42157. THIGPEN v. EXECUTIVE COMMITTEE OF THE
BAPTIST CONVENTION OF THE STATE OF GEORGIA.

SUBMITTED JULY 5, 1966—DECIDED DECEMBER 1, 1966—
REHEARING DENIED DECEMBER 20, 1966—

*Paul C. Myers, William I. Aynes, Merrell Collier,* for appellant.

*Haas, Dunaway, Shelfer & Haas, George A. Haas,* for appellee.

FELTON, Chief Judge. ■ The enumeration of error is as follows: "The trial court erred in sustaining the defendant's general demurrer to the plaintiff's petition and the defendant's general demurrer to plaintiff's petition as amended." The enumeration of error is sufficient to raise the questions whether the original petition set forth a cause of action and whether the amended petition set forth a cause of action whether error is specifically enumerated or not on the alleged error of the court's requiring an amendment. If the original petition set forth a cause of action the case should be reversed; if the amended petition set forth a cause of action the case should be reversed. If the latter is the case this court is not required to go further and hold that the original petition was subject to a general demurrer. In 1966 *Code* § 81-1001, as amended several times, was again amended by the addition of a provision, as follows: "Either party who amends or attempts to amend his petition or other pleadings in response to an order or other ruling of the court shall not be held to have waived his objection to such order or ruling, but may thereafter take exception thereto as in other cases." Ga. L. 1966, p. 452. The principal purpose of this amendment was to rid the law of a defect which has been in existence beyond the lifetime of any judges now sitting, a law which is regarded by practically a unanimous bar as supertechnical, unjust and which required an attorney to jeopardize his clients' right by having sometimes to virtually guess what course he should follow—amend or not amend. If he elected to amend and added nothing, he lost his client's case even though his petition was good in the first instance. If he initially excepted to the order requiring the amendment and lost, he faced another prospect of appeal as to whether a later amendment sufficed to save his pleading. It was to eliminate these problems that the above amendment was passed. Its legal consequence is that the law of the case principle in such situations is no longer applicable when an amendment is filed to comply with an order of court. The amendment to the Code section deals with a procedural right and applies in this case

as the amendment was enacted after the case was tried but before it was appealed. See *City of Valdosta v. Singleton,* 197 Ga. 194, 208 (28 SE2d 759); *Fulton County v. Spratlin,* 210 Ga. 447 (2) (80 SE2d 780); *St. Paul Fire &c. Ins. Co. v. Postell,* 113 Ga. App. 862, 864 (149 SE2d 864).

The same conclusion would be required even if the amendment had not been passed. As we interpret the judgment of the court, there was no disallowance of the amendment and no sustaining of the demurrer to the amendment. Although there is a recital in the order that "it being found that plaintiff's amendment fails to overcome the defendant's grounds of general demurrer which were sustained . . . November 8, 1963," the recital is simply a part of the order sustaining the general demurrer to the petition, as amended. The last order does not disallow or strike the amendment. The order allows the amendment to stand and then sustains the general demurrer to the petition as amended. In stating that the amendment fails to overcome the grounds of general demurrer the court does no more than to say that the petition as amended fails to set forth a cause of action. In this context we think that the rule in *Folsom v. Howell,* 94 Ga. 112 (21 SE 136) is to be applied (without the amendment), that is, the petition was opened to a fresh adjudication, which was made. Therefore we need deal only with the fresh adjudication.

■ Reduced to its essence, the petition alleges: (1) a duty on the part of the defendant to exercise ordinary care to provide for the plaintiff a safe place in which to work, (2) a breach of such duty by the defendant's alleged negligence, which was the proximate cause of (3) the plaintiff's contracting of the disease at the defendant's hospital.

Although the defendant employer was not an insurer of the safety of its employees (*Connell v. Fisher Body Corp.,* 56 Ga. App. 203, 208 (192 SE 484); *Carter v. Callaway,* 87 Ga. App. 754, 760 (75 SE2d 187)), it had the duty to use reasonable care to protect them against dangers of the employment which might reasonably be expected to produce disease, and would be liable to the plaintiff employee for a disease contracted by her in the course of her employment, where such disease was

brought about by the negligence of the employer. *Connell v. Fisher Body Corp.*, supra; *Middlebrooks v. Atlanta Metallic Casket Co.*, 63 Ga. App. 620 (11 SE2d 682); *Martin v. Tubize-Chatillon Corp.*, 66 Ga. App. 481 (17 SE2d 915); *Peerless Woolen Mills v. Pharr*, 74 Ga. App. 459 (40 SE2d 106). Of course a servant assumes the ordinary risks of his employment (*Code* § 66-301), which are those incident to the business and do not imply the result of the master's negligence (*Emanuel v. Ga. & Fla. R. Co.*, 142 Ga. 543 (83 SE 230)), even if there be dangers attendant thereon. *Self v. West*, 82 Ga. App. 708 (1a) (62 SE2d 424). Under the so-called "assumption of skill" doctrine, however, whereunder the master's technical or scientific knowledge of his business makes the knowledge implied to him superior to that implied against the servant as to matters in connection with the business, the master is under a duty to warn his servant of the dangers involved. *Code* § 66-301; *Genesco, Inc. v. Greeson*, 105 Ga. App. 798, 802 (125 SE2d 786) and cit.

Whether or not the risk of contracting this particular disease was an "ordinary" one which the plaintiff will be deemed to have assumed depends upon whether or not the plaintiff's contraction of the disease was the result of the defendant's negligence, which is the ultimate issue involved. The assumption of risk by a servant (as well as questions of negligence, diligence, etc.) is a question for the jury, and should not be decided by this court on demurrer except in plain and indisputable cases. *Grant v. Royster Guano Co.*, 15 Ga. App. 758 (4) (84 SE 161).

It is urged that this court utilize the doctrine of judicial notice in ruling on the demurrer, which is authorized in proper cases. *Lamar Elec. Membership Corp. v. Carroll*, 89 Ga. App. 440, 458 (79 SE2d 832); *North British &c. Ins. Co. v. Mercer*, 211 Ga. 161 (84 SE2d 570); *Genesco, Inc. v. Greeson*, 105 Ga. App. 798, 800, supra. Even if we should take judicial notice of the difficulty of preventing the spread of this particular disease, however, we would have to go further and hold, as a a matter of law, that the plaintiff could have contracted the disease in spite of the defendant's complete lack of any negli-

gence and its implementation of all known preventive measures in order to affirm the sustaining of the general demurrer to the petition, which we are not prepared to do. The mere fact that a case as pleaded may be difficult of proof can not be considered in ruling on a demurrer as the ground of denying the plaintiff his right of assuming the burden of proof where his petition states a good cause of action. The petition as amended alleged a cause of action sufficient as against the general demurrer, and the issues of negligence, diligence, assumption of risk, proximate cause, etc., raised should have been tried before a jury.

The court erred in its judgment sustaining the renewed general demurrer to the petition as amended.

*Judgment reversed. Bell, P. J., Frankum, Jordan, Hall, Eberhardt and Deen, JJ., concur. Pannell, J., dissents. Quillian, J., not participating.*

PANNELL, Judge, dissenting. The trial judge on November 8, 1963, sustained a general demurrer to the petition giving the plaintiff twenty days within which to amend her petition to meet the demurrer. The plaintiff, on November 27, 1963, filed, and had allowed, subject to objection and demurrer, an amendment which added additional allegations to certain paragraphs and added others in lieu thereof. The defendant, on December 17, 1963, filed additional demurrers, Paragraph 2 of which demurred to the petition as amended on the ground that it failed to set forth a cause of action, and which, in another paragraph, attacked the amendment on the ground that the same failed to meet the grounds of the general demurrer previously sustained by the trial judge. The trial judge in his order of March 3, 1966, "found that plaintiff's amendment failed to overcome the defendant's grounds of general demurrer which were sustained by this court in its order of November 8, 1963, and the petition as amended failing to state a cause of action" sustained special demurrer No. 2, this demurrer being the general demurrer to the petition as amended. The appellant enumerates error on the sustaining of the defendant's original general demurrer to the petition and to the sustaining of the defendant's general demurrer to the petition as amended. *Appellant does not enumerate as error the trial judge's ruling that the amendment did*

*not meet the ruling sustaining the original general demurrer on
November 8, 1963.*

The majority opinion ignores this situation and ignores this
ruling. It might be well at this point to call attention to the
rules applicable to this situation: "[A] demurrer to a petition
as amended opens the merits of the whole pleading to a fresh
adjudication, and a conditional order of dismissal made on the
hearing of a previous demurrer to the original petition concludes
nothing. Thus, where a petition was heard on a demurrer
thereto, and the presiding judge passed an order, not dismissing
the petition, but declaring that it would be dismissed unless
amended within a given time so as to make it good in law,
this judgment was not final upon the merits, but the whole
petition was open for amendment within the time limited, and
another demurrer afterwards filed to the petition as amended
should have been overruled if the petition as a whole set forth
a cause of action, whether the matter contained in the amend-
ment aided it or not." *Folsom v. Howell,* 94 Ga. 112 (1) (21
SE 136); *Olds Motor Works v. Olds Oakland Co.,* 140 Ga. 400
(78 SE 902). Or as was stated by this court in *McConnell v.
Frank E. Block Co.,* 26 Ga. App. 550 (106 SE 617), "[w]here,
however, exception is taken not to the antecedent ruling on
the original petition but to a final judgment dismissing the
petition on a subsequent adjudication under a renewed demurrer,
and after the plaintiff has sought to conform to the previous
ruling by exercising the right given him to amend his pleadings
so as to meet the objection raised, the antecedent ruling will
be accounted as conditional only, especially where it did not
expressly dismiss the petition · (*Ga. R. & Power Co. v. Kelly,*
150 Ga. 698 (105 SE 300); *Olds Motor Works v. Olds Oakland
Co.,* 140 Ga. 400 (78 SE 902); *Clark v. Ganson,* 144 Ga. 544
(87 SE 670); *Steed v. Savage,* 121 Ga. 84 (48 SE 689); *Canuet
v. Seaboard Air Line R.,* 128 Ga. 41 (57 SE 92)); and such
'a conditional order of dismissal made on the hearing of a pre-
vious demurrer to the original petition concludes nothing.' *Fol-
som v. Howell,* 94 Ga. 112 (21 SE 136)." This is the rule that
the majority applies in this case, having overlooked the fact that
the amendment was objected to and this objection ruled upon

favorably to the demurrant. The reason for the above rule, which the majority applies in this case, is that the demurrant, by failing to object to the amendment and thus failing to insist on the ruling in his favor on the demurrer to the original petition, waives the law of the case thus established in his favor. *Perkins v. First Nat. Bank,* 221 Ga. 82, 93 (7) (143 SE2d 474). Where, as in the present case, the demurrant also objected to the amendment on the grounds that it did not meet the prior ruling on the general demurrer to the original petition, the demurrant does not waive the law of the case established in its favor but the law of the case must be applied and enforced. *Lederle v. City of Atlanta,* 164 Ga. 440, 441 (6) (138 SE 910); *Kennedy v. Ayres,* 164 Ga. 277 (3), 278 (138 SE 155); *Speer v. Alexander,* 149 Ga. 765 (102 SE 150). The inquiry under these circumstances is merely to determine whether the offered amendment meets the grounds of demurrer first sustained. The trial judge ruled that the amendment did not meet the grounds of the demurrer sustained to the original petition. *There is no enumeration of error on this ruling.* It is the law of the case, right or wrong.

The majority opinion rules only on the enumeration of error which contends that the trial court erred in sustaining the general demurrer *to the petition as amended,* and holds that the trial court erred in so ruling. In my opinion this conclusion cannot be reached without this court first passing upon the enumeration of error complaining of the sustaining of the general demurrer to the petition prior to the amendment, and without this court also holding that the trial judge erred in such first ruling on the demurrer. So long as this first ruling stands unreversed it is the law of the case that the original petition failed to set forth a cause of action, and this ruling, until reversed, stands unaffected by the present appeal. *Allen, Ball & Co. v. Mayor &c. of Savannah,* 9 Ga. 286, 294 (7); *Forrester v. Pullman Co.,* 66 Ga. App. 745, 749 (19 SE2d 330). *The ruling of the trial judge that the amendment did not meet the first ruling on demurrer is not enumerated as error, and that ruling is the law of the case.* With these two rulings as the law of the case, only one possible result can be reached, that is,

that the petition as amended did not set forth a cause of action, and the contrary conclusion reached by the majority would, therefore, be erroneous.

To state it differently, when the case reached this court the rulings of the trial judge stood as follows: (1) The allegations of the original petition were insufficient to state a cause of action; (2) The amendment failed to cure this insufficiency; (3) The allegations of the petition as amended were insufficient to state a cause of action. *Ruling No. 3 necessarily follows from the combination of Rulings 1 and 2.* In order for Ruling 3 to be erroneous either Ruling 1 or Ruling 2 must be erroneous. In the present case, the only enumerations of error are to Rulings 1 and 3. Under these circumstances Ruling 3 is correct unless and until Ruling 1 is held to be erroneous.

It becomes apparent, therefore, that unless this court rules on the first enumeration of error and on consideration thereof, rules that the trial judge erred in sustaining the first general demurrer, this court cannot possibly reach the conclusion that the petition as amended sets forth a cause of action.

The question then arises: Whether or not this court can consider this enumeration of error. Prior to the Act of 1966 (Ga. L. 1966, p. 451) amending *Code* § 81-1001, one who amended a pleading in response to the sustaining of a demurrer waived his right to complain of such ruling. The Act of 1966 eliminated this waiver and gave the amending party a right to object on appeal to the order or ruling requiring the party to amend. This Act was approved and became effective on March 10, 1966, after the ruling on demurrer and after the amendment was made to meet the ruling and after the final order was entered in the present case sustaining the general demurrer to the petition as amended and dismissing the same, but before the appeal to this court was filed. It is the law of this state that a reviewing court shall apply the law as it exists at the time of its judgment rather than the law prevailing at the rendition of the judgment under review, and may therefore reverse a judgment correct at the time it was rendered and affirm a judgment that was erroneous at the time, where the law has been changed in the meantime and where such application of the new law will impair no

vested right under the prior law. *City of Valdosta v. Singleton,* 197 Ga. 194, 208 (28 SE2d 759) ; *Fulton County v. Spratlin,* 210 Ga. 447 (2) (80 SE2d 780) ; *St. Paul Fire &c. Ins. Co. v. Postell,* 113 Ga. App. 862, 864 (149 SE2d 864). Upon application of this rule it appears that this court may now, and does have jurisdiction, to pass upon the enumeration of error in the present case to the sustaining of the general demurrer to the original petition and giving the plaintiff twenty days within which to amend.

In my opinion the majority commit the fatal error when, in interpreting the Act of 1966 (which eliminates the application of the waiver rule to a pleader upon amending to meet a ruling on demurrer, by permitting the pleader to enumerate such ruling as error, rather than being estopped to do so) they rule "its legal consequence is that the law of the case principle in such situations is no longer applicable when an amendment is filed to comply with an order of the court." All that the Act of 1966 did was to permit a review of the ruling on demurrer on behalf of the pleader who had amended to meet it. The law of the case is established by the ruling of the trial judge. The old waiver rule made this ruling the *permanent* law of the case. Now it is subject to review but is the law of the case *until reversed.* If the majority is correct, no ruling by a trial judge is the law of the case if it is reviewable, even when it is not reviewed.

For the reasons heretofore given, I must dissent from the ruling of this court reversing the trial judge for sustaining a general demurrer to the petition as amended, so long as the judgment sustaining the general demurrer to the original petition and giving time to amend stands unreversed. Until then it is the law of the case; and this, coupled with the fact that the ruling of the trial judge that the amendment was insufficient to meet this ruling on demurrer is also the law of the case, being unexcepted to, demands a ruling by this court that the petition as amended failed to set forth a cause of action, and demands that we affirm the trial judge in so ruling.