## TURNER v NORTHWEST GENERAL HOSPITAL

Docket No. 78-5028. Submitted April 1, 1980, at Detroit.—Decided April 22, 1980. Leave to appeal applied for.

Plaintiff, Shirley Turner, was the administratrix of the estate of Talmadge Turner, who, at the time of his death, was employed by a private security company as a security guard in the emergency room of defendant Northwest General Hospital. While on duty at the hospital, plaintiff's decedent was fatally shot. Plaintiff brought an action against the hospital for wrongful death, alleging negligence in: failure to warn of prior violent incidents; failure to use reasonable safeguards to prevent exposing decedent to unreasonable risk; failure to train its personnel to respond and report violent behavior; failure to provide a proper warning system and adequate lighting; failure to provide more armed and trained security guards; failure to institute reasonable precautions; allowing decedent to escort two unknown males from the premises; failure to install metal-detection devices; failure to aid or attempt to aid decedent while he was being assaulted; failure to inquire as to the inordinate risk of harm confronting decedent. The Wayne Circuit Court, John D. O'Hair, J., granted summary judgment for failure to state a cause of action. Plaintiff appeals. *Held:*

A hospital which hires an independent security guard company for its emergency room owes no duty to warn and protect an employee of the security guard company working in the emergency room from violence erupting in the emergency room resulting in the guard's death by gunshot.

Affirmed.

NEGLIGENCE — PRIVATE SECURITY GUARDS — FAILURE TO WARN — FAILURE TO PROTECT.

A hospital which hires an independent security guard company for its emergency room owes no duty to warn and protect an employee of the security guard company working in the emergency room from violence erupting in the emergency room resulting in the guard's death by gunshot.

REFERENCE FOR POINTS IN HEADNOTE
[1] 41 Am Jur 2d, Independent Contractors § 24.

*Peter R. Barbara & Associates, P.C.* (by *Frank G. Becker*), for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Raymond W. Morganti*), for defendant.

Before: J. H. GILLIS, P.J., and ALLEN and BEASLEY, JJ.

BEASLEY, J. The trial court granted defendant's motion for summary judgment pursuant to GCR 1963, 117.2(1) on the ground that plaintiff's complaint failed to state a cause of action as a matter of law. Plaintiff appeals as of right.

On January 26, 1975, while employed by an independent security guard company, plaintiff's decedent was shot to death while on duty as a security guard in the emergency room of defendant hospital. Plaintiff filed a complaint for damages for wrongful death against defendant hospital, asserting ten areas of alleged negligence, as follows:

"a) The defendant failed to properly warn the Plaintiff's decedent of prior instances of violent nature and of certain communicative threats of physical harm.

"b) The defendant failed to utilize reasonable safe guards, including the use of protective glass, to prevent exposing the plaintiff's decedent to unreasonable risk of harm from the use of gun fire.

"c) The defendant failed to train all of its personnel of those, including security guards, who were subject to the directions of the defendant to promptly respond and report violent behavior so as to deter the likelihood of an occurrence of this nature.

"d) The defendant failed to provide a proper warning system and adequate lighting.

"e) The defendant failed to have an armed and trained security guard in addition to the plaintiff's

decedent posted in the emergency room despite the likelihood of an occurrence of this nature.

"f) The defendant failed to institute reasonable precautions such as name checking before entry was achieved so as to lessen the possibility of an occurrence of this nature.

"g) The defendant negligently allowed plaintiff's decedent to solely accompany the two unk[n]own males out of the defendant's establishment despite the fact that the defendant either knew or should have known that the unk[n]own males had no legitimate purpose for being on the defendant's premises.

"h) The defendant was negligent in failing to install metal detection devices, so as to prevent the armed entry of dangerous persons.

"i) The defendant was negligent in failing to aid or attempt to aid Plaintiff's decedent while he was being assaulted and thus allowing a close range fatal gun shot into the plaintiff's decedent's chest.

"j) The defendant was negligent in failing to inquire as to the inordinate risk of harm confronting the plaintiff's decedent."

The case goes beyond the outer limit of liability established in *Samson v Saginaw Professional Building, Inc,*[1] *Johnston v Harris,*[2] *Hersh v Kentfield Builders, Inc*[3] and *Farwell v Keaton.*[4]

In this case, defendant hospital, recognizing a duty to safeguard, protect and secure its patients, visitors, doctors and other business invitees, hired an independent security guard company for that purpose. What happened to plaintiff's decedent was the very reason plaintiff's decedent and his employer were hired, *i.e.,* to safeguard against criminal acts of violence. It would be ironic to hold defendant hospital liable to an employee of the

[1] 393 Mich 393; 224 NW2d 843 (1975).
[2] 387 Mich 569; 198 NW2d 409 (1972).
[3] 385 Mich 410; 189 NW2d 286 (1971).
[4] 396 Mich 281; 240 NW2d 217 (1976).

very security guard company it hired for protection.

We hold defendant hospital owed no duty to plaintiff's decedent to warn and protect him from the injury and violence which occurred in the instant case. The allegations of negligence in the context suggested by plaintiff's complaint do not give rise to a duty owed by defendant hospital to plaintiff's decedent such as would here entitle plaintiff to damages. There may be, and no doubt are, cases whose facts will give rise to a duty owed by someone employing a security guard company; this is not one.

Affirmed.