CARTER v MERCURY THEATER COMPANY

Docket Nos. 77773, 78453. Submitted April 2, 1985, at Detroit.— Decided June 20, 1985.

Andrá Carter was employed by the ACE Patrol Security Guard Service as a security guard at the Mercury Theater when he was shot by two patrons who had been ejected from the theater and who, it was theorized, obtained reentry either through fire doors that did not have working locking mechanisms or through the front door past employees who were instructed not to readmit these patrons. Andrá and his wife, Lilly Carter, brought an action in the Wayne Circuit Court against the Mercury Theater Company and others, alleging negligence. The defendants brought two separate motions for summary judgment which were denied, Claudia Morcom, J. Defendants appealed each by leave granted. The appeals were consolidated by the Court of Appeals. *Held:*

Plaintiffs did not allege a cause of action for which relief can be granted.

Reversed.

PLEADING — NEGLIGENCE — SECURITY GUARDS.

An employee of a security guard company engaged by a theater who alleges that he was shot while working at the theater by patrons of the theater who were ejected by the plaintiff and who regained access to the theater either through fire doors which did not have working lock mechanisms or past employees at the main entrance who had instructions not to permit reentry to the ejected patrons does not allege a cause of action against the theater for which relief can be granted.

*Ernest L. Jarrett* and *Goodman, Eden, Millender & Bedrosian* (by *George J. Bedrosian),* for plaintiffs.

*Highland & Currier, P.C.* (by *John N. Highland),* for defendant.

REFERENCE FOR POINTS IN HEADNOTE

[1] Am Jur 2d, Premises Liability § 121.

Before: BRONSON, P.J., and J. H. GILLIS and AL-
LEN, JJ.

PER CURIAM. Defendants appeal by leave
granted from the denial of their motions for sum-
mary judgment.

Plaintiffs filed this personal injury action to
recover damages for injuries sustained when plain-
tiff Andrá Carter was shot and wounded on De-
cember 31, 1980, at the Mercury Theater in De-
troit. He was employed at the theater as a security
guard by the ACE Patrol Security Guard Service.
As a result of the shooting, he was rendered a
paraplegic. Through the complaint, he alleged that
his assailants were two patrons whom he and a
fellow guard had ejected from the theater due to
their unruly and disruptive behavior. Plaintiffs
theorized that the assailants regained access to the
theater through fire doors which did not have
working locking mechanisms, or, in the alterna-
tive, through the front doors despite the fact that
theater employees were instructed not to permit
readmittance to the patrons in question.

On April 13, 1984, the circuit court heard two
motions for summary judgment brought pursuant
to GCR 1963, 117.2, subds (1) and (3). In support of
their argument that plaintiffs failed to state a
claim upon which relief could be granted, defen-
dants relied upon *Turner v Northwest General
Hospital,* 97 Mich App 1; 293 NW2d 713 (1980), as
dispositive. However, the trial court denied the
motions, concluding that factual disputes as to
material issues still existed, as, for instance,
"whether the plaintiff was a business invitee or a
licensee", the resolution of which would determine
the legal duty owned to plaintiff by defendant.
Since we find the issue presented by plaintiffs'

claim to be indistinguishable from that presented in *Turner, supra,* we reverse the lower court's denial of defendants' motions.

In *Turner,* as here, an employee of an independent security guard company was shot and killed while on duty as a security guard in the emergency room of the defendant hospital. A complaint for wrongful death was filed by the guard's survivors, alleging ten separate areas of negligence. This Court affirmed the trial court's order granting summary judgment to the defendant after concluding that defendant "owed no duty to plaintiff's decedent to warn and protect him from the injury and violence which occurred * * *". 97 Mich App 4. The Court made the following observation:

"In this case, defendant hospital, recognizing a duty to safeguard, protect and secure its patients, visitors, doctors and other business invitees, hired an independent security guard company for that purpose. What happened to plaintiff's decedent was the very reason plaintiff's decedent and his employer were hired, *i.e.,* to safeguard against criminal acts of violence. It would be ironic to hold defendant hospital liable to an employee of the very security guard company it hired for protection." 97 Mich App 3-4.

We find that the same conclusion is inescapable in the instant case. The facts of this case are undisputed and cannot reasonably be distinguished from those presented to this Court in *Turner.* Thus, defendant's motions for summary judgment pursuant to GCR 1963, 117.1(1) were improperly denied. The trial court's order of April 13, 1984, is reversed.

Reversed.