74257. SPELL et al. v. PORT CITY ADHESIVES, INC.
(360 SE2d 63)

CARLEY, Judge.

In this companion case to *Fire & Cas. Ins. Co. of Conn. v. Spell*, 183 Ga. App. 675 (359 SE2d 705) (1987), appellee Port City Adhesives, Inc. is one of the defendants named in appellant-plaintiffs' action to recover for the death of their daughter. As against appellee, appellants' complaint alleged two theories of recovery: appellee's di-

rect liability for its own alleged negligence and appellee's vicarious liability for the alleged negligence of Slevin, the driver of the truck.

After a period of discovery which included the taking of Slevin's deposition, appellee moved for summary judgment. Appellee's motion was predicated upon the assertion that because Slevin did not occupy the status of its servant, it was not vicariously liable for any negligence attributable to him. The affidavit of appellee's president was attached to its motion for summary judgment. Subsequent to the filing of appellee's motion for summary judgment but prior to the trial court's ruling thereon, the deposition of appellee's president was taken. Thereafter, appellants moved that the trial court strike portions of the affidavit of appellee's president and that, pursuant to OCGA § 9-11-56 (g), it assess reasonable expenses, including attorney's fees, against appellee for having submitted the affidavit. The trial court denied appellant's motions.

The trial court then undertook consideration of appellee's motion for summary judgment. The trial court held that, under the evidence of record, Slevin was not appellee's servant and that respondeat superior was not a viable theory under which appellants could recover against appellee. Appellants appeal from the order of the trial court granting summary judgment in favor of appellee.

1. Asserting that genuine issues of material fact remain as to Slevin's status as a servant, appellants enumerate the grant of summary judgment to appellee as error.

"The test to be applied in determining whether the relationship of the parties under the contract for performance is that of master and servant or that of employer and independent contractor lies in whether the contract gives, or the employer assumes, the right to control the time, manner and method of executing the work, as distinguished from the right merely to require certain definite results in conformity with the contract. [Cits.]" *Savannah Elec. & Power Co. v. Edenfield*, 118 Ga. App. 531, 532-533 (164 SE2d 366) (1968). The deposition of Slevin himself shows that he was, as to appellee, an independent contractor and not a servant. Slevin was a self-employed trucker and was not a general employee of appellee. Appellee hired Slevin solely for the purpose of securing the transportation of several pieces of machinery from Valdosta, Georgia, to Wilmington, North Carolina. Appellee was to pay Slevin $1 per mile for the performance of this task and the only "control" retained by appellee was the right to expect that the machinery would ultimately be delivered to Wilmington within a reasonable time after Slevin had arranged for its pick up in Valdosta. See generally *Piggly Wiggly Southern v. Hercules, Inc.*, 151 Ga. App. 238 (259 SE2d 219) (1979); *Lamb v. Fulton Bag & Cotton Mills*, 26 Ga. App. 572 (1) (106 SE 607) (1921). Such "control" over the ultimate result to be achieved by Slevin is entirely

consistent with his status as an independent contractor rather than a servant. "Where one 'contracts with an individual exercising an independent employment, for him to do a work not in itself unlawful or attended with danger to others, such work to be done according to the contractor's own methods and not subject to the employer's control or orders except as to results to be obtained, the employer is not liable for the wrongful or negligent acts of such independent contractor or his servants.' [Cits.]" *Zurich Gen. Accident &c. Ins. Co. v. Lee*, 36 Ga. App. 248 (1) (136 SE 173) (1926).

Appellants themselves produced no evidence to show that Slevin was not an independent contractor. They rely upon the alleged contradictory testimony of appellee's own president, given in his affidavit and deposition, as showing the existence of a genuine issue of fact as to Slevin's status as a servant. However, the alleged contradictions between the affidavit and deposition of appellee's president do not concern the *material* fact of whether appellee retained or exercised control over the time, manner, and method of Slevin's performance of the single job that he was hired to do, but relate to other elements entering into Slevin's employment. As to the material element of control, the affidavit and deposition of appellee's president are consistent with each other, and both are consistent with Slevin's own testimony. When the evidence is construed most strongly against appellee as the moving party, it is the more unfavorable portions of the allegedly contradictory testimony of appellee's president that must be given consideration. Under this construction of the evidence, the material fact as to appellee's lack of control over Slevin nevertheless remains undisputed. The most that can be said is that the alleged contradictions create an issue of fact as to the credibility of the entirety of the testimony of appellee's president, including such uncontradictory portions thereof as concern the lack of the requisite control over Slevin. See generally *Swift & Co. v. Lawson*, 95 Ga. App. 35, 54 (6) (97 SE2d 168) (1957). " 'Where a question of credibility arises as to a material issue, summary judgment should not be granted. [Cits.]' [Cits.]" *Ash v. Spear*, 137 Ga. App. 12, 13 (223 SE2d 26) (1975). However, even assuming the existence of such a genuine issue as to the overall credibility of appellee's president, the record nevertheless contains the unimpeached testimony of Slevin himself. Accordingly, even if both the affidavit and the deposition of appellee's president are totally disregarded, the record nevertheless contains probative and undisputed evidence which would demand a finding as to Slevin's status as an independent contractor.

Construing all the evidence most strongly against appellee as the moving party, no genuine issue of material fact remains as to Slevin's status as an independent contractor. Since appellants offered no evidence which would authorize a finding that appellee would be liable

for the negligent acts of Slevin under any of the exceptions enumerated in OCGA § 51-2-5, it follows that the trial court did not err in granting summary judgment in favor of appellee as to appellants' respondeat superior theory of recovery.

2. Error, if any, in the trial court's failure to strike portions of the affidavit of appellee's president was harmless. As discussed above, even if the affidavit of appellee's president is eliminated from consideration, the remaining evidence of record as to Slevin's status was undisputed and would authorize the grant of summary judgment in favor of appellee. As to appellee's submission of the affidavit, we likewise find no reversible error in the trial court's refusal to assess reasonable expenses pursuant to appellant's invocation of OCGA § 9-11-56 (g). See generally *Malloy v. Cauley*, 169 Ga. App. 623, 624 (1a) (314 SE2d 464) (1984).

3. Although the trial court's order purports to be an unqualified grant of summary judgment to appellee, the validity of a recovery by appellants based upon the direct negligence of appellee remains an unaddressed issue in the case. Only appellee's vicarious liability for the acts of Slevin was raised in its motion and the record would authorize the grant of summary judgment to appellee only as to that theory. Accordingly, the order granting summary judgment in favor of appellee as against appellants is affirmed with direction that the trial court redenominate that order as constituting the grant to appellee of partial summary as against appellant's respondeat superior theory of recovery.

*Judgment affirmed with direction. Banke, P. J., and Benham, J., concur.*

DECIDED JULY 14, 1987 —
REHEARING DENIED JULY 27, 1987 —

*Thomas C. Bordeaux, Jr.*, for appellants.
*Stephen H. Harris*, for appellee.