77548. ATLANTA BRAVES, INC. et al. v. LESLIE et al.
(378 SE2d 133)

CARLEY, Chief Judge.

Appellant-defendant City of Atlanta-Fulton County Recreation Authority (The Authority) leased the Atlanta-Fulton County Stadium facility to appellant-defendant Atlanta National League Baseball Club, Inc. (Braves). The Braves, in turn, contracted with appellant-defendant ARA Leisure Services, Inc. (ARA) to provide concession services at the stadium facility during home games. Appellee-plaintiff Nathaniel Leslie is a full-time police officer, but he also worked as a security guard for ARA during his off-duty hours. When performing his duties for ARA, Mr. Leslie wore his police officer's uniform and carried a gun. While he was engaged in guarding a portion of the stadium premises where ARA's employees deposited their daily receipts, Leslie was shot by an armed robber.

As the result of this occurrence, Leslie filed suit against appellants, alleging the negligent breach of the duty to keep the stadium premises safe for invitees. His wife, appellee Mrs. Janice Leslie, also brought suit, seeking to recover for the loss of consortium. Appellants answered, denying the material allegations of appellees' complaints. All appellants moved for summary judgment. The trial court denied appellants' motions, but certified its orders for immediate review. This appeal results from the grant of appellants' applications for interlocutory appeals from the denial of their motions for summary judgment.

1. Appellants The Authority and Braves enumerate the denial of their motions for summary judgment as error, urging that, in their respective capacities as landlord and tenant, no genuine issue of material fact remains as to their liability for the injuries suffered by Leslie.

"Where an owner or occupier of land, by express or implied invi-

tation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1. At the time that he was shot, Leslie was not on the stadium premises as a patron of the baseball game. He was on the premises in his capacity as an employee of ARA. However, this factor, standing alone, does not establish that, as a matter of law, The Authority and Braves owed no duty to Leslie and have no liability for the injuries that he suffered. In guarding ARA's concession receipts, Leslie was engaged in a facet of the business for which The Authority had leased the stadium premises to the Braves. "It is well to observe that where, as in this case, an owner of property leases it to be used in the conduct of a business, those coming upon the premises in connection with the conduct of the business are invitees of the owner and proprietor alike." *Cooper v. Anderson*, 96 Ga. App. 800, 808 (101 SE2d 770) (1957). See also *Lowe v. Atlanta Masonic &c. Co.*, 79 Ga. App. 575 (54 SE2d 677) (1949).

In this case, however, Leslie was on the premises in his capacity as ARA's armed security guard and he was shot by an armed robber while acting in that capacity. "In the absence of any allegation to the contrary, it must be assumed that [Leslie] was of ordinary intelligence and laboring under no disability which rendered him incapable of knowing and appreciating the dangers incident to his employment. The ordinary risks of the employment, though there be dangers attendant thereon, are assumed by the servant, and especially is this true where the dangers are obvious." *Self v. West*, 82 Ga. App. 708, 711-712 (1) (62 SE2d 424) (1950). See also *Hollingsworth v. Thomas*, 148 Ga. App. 38 (250 SE2d 791) (1978); *Thigpen v. Executive Committee &c. of Ga.*, 114 Ga. App. 839 (152 SE2d 920) (1966). "The business invitee on private premises assumes the risk of danger of which he knows about and fully comprehends, or which is sufficiently obvious. [Cit.] . . . Likewise there is no obligation to protect the invitee against dangers or hazards which are known to him or which are so obvious and apparent he may reasonably be expected to discover them. [Cits.]" *Amear v. Hall*, 164 Ga. App. 163, 169 (2) (296 SE2d 611) (1982). The possibility of a face-to-face encounter with a criminal is an ordinary and obvious risk incident to employment as an armed security guard. Accordingly, as a matter of law, Leslie, by accepting employment as ARA's security guard, assumed the risk that he would have such encounters on the stadium premises. Leslie was, in effect, hired to provide an element of the very security that he alleges was negligently lacking. "[T]o place a duty on [appellants] to protect an armed guard from a generalized potential of harm is to engage in circular reasoning, 'i.e., there is a potential danger so [Leslie is hired as an] armed guard, [the] hiring [of] armed guards shows a

potential danger, thus armed guards or other protective measures must be taken to protect the first armed guard from the original potential danger that he was hired to guard against in the first place.' " *Hewett v. First 'Nat. Bank of Atlanta*, 155 Ga. App. 773, 774 (272 SE2d 744) (1980). See also *Carter v. Mercury Theater Co.*, 146 Mich. App. 165 (379 NW2d 409) (1985); *Turner v. Northwest Gen. Hosp.*, 97 Mich. App. 1 (293 NW2d 713) (1980).

"There being no duty to exercise extraordinary care, there is no liability for an injury resulting to an invitee from a danger best known to the invitee who assumes the obvious risks and dangers inherent in the known circumstances. ([cit.])." *Tect Constr. Co. v. Frymyer*, 146 Ga. App. 300, 303 (1) (246 SE2d 334) (1978). The evidence of record establishes that Leslie was injured when he encountered a risk which, as a matter of law, he had assumed upon accepting employment as an armed security guard. Accordingly, the trial court erred in denying The Authority's and Braves' motions for summary judgment.

2. ARA enumerates the denial of its motion for summary judgment as error, urging that, as against it, Leslie's exclusive remedy is under the Workers' Compensation Act. See OCGA § 34-9-11; *Atlanta Cas. Co. v. Sharpton*, 158 Ga. App. 758, 760 (282 SE2d 214) (1981).

According to Leslie, the evidence shows that he was an independent contractor rather than a servant of ARA and, as an independent contractor, he would thus be entitled to bring this action in tort. " ' "The true test whether a person employed is a servant or an independent contractor is whether the employer, under the contract, whether oral or written, has the right to direct the time, the manner, the methods, and the means of the execution of the work, as contradistinguished from the right to insist upon the contractor producing results according to the contract, or whether the contractor in the performance of the work contracted for is free from any control by the employer of the time, manner, and method in the performance of the work. [Cits.]" [Cit.]' [Cits.]" *Bexley v. Southwire Co.*, 168 Ga. App. 431, 433 (1) (309 SE2d 379) (1983). See also *Spell v. Port City Adhesives*, 183 Ga. App. 816 (1) (360 SE2d 63) (1987). " 'Where one is employed generally to perform certain services for another, and there is no specific contract to do a certain piece of work according to specifications for a stipulated sum, it is inferable that the employer has retained the right to control the manner, method and means of the performance of the contract, and that the employee is not an independent contractor.' The test is not whether the employer *did in fact control* and direct the employee in the work, but it is whether the employer had that right under the employment contract. [Cit.]" (Emphasis in original.) *Golosh v. Cherokee Cab Co.*, 226 Ga. 636, 638-639 (176 SE2d 925) (1970).

A review of the evidence of record shows that Leslie was controlled by ARA's security coordinator as to when to report to work, when to leave work, and what areas of ARA's operation he was to guard. Construing the evidence most strongly against ARA as the moving party, no genuine issue of material fact remains as to Leslie's status as ARA's servant. Moreover, even assuming that such a question of fact did remain, it would not be material to ARA's liability. Our holding in Division 1 of this opinion that, by accepting employment as an armed security guard, Leslie has no cause of action for injuries resulting from the ordinary and obvious danger of encountering a criminal on the premises is equally as applicable to ARA as it is to the other appellants. See generally *Amear v. Hall,* supra; *Self v. West,* supra. Accordingly, the trial court erred in denying ARA's motion for summary judgment.

3. "Since [appellants] are not liable for injuries to [Leslie], they are not liable to [Mrs. Leslie] for loss of consortium attributable to those injuries." *Douberly v. Okefenokee Rural Elec. &c. Corp.,* 146 Ga. App. 568, 570 (3) (246 SE2d 708) (1978). See also *Henderson v. Hercules, Inc.,* 253 Ga. 685 (324 SE2d 453) (1985).

*Judgments reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 12, 1989 —
REHEARING DENIED JANUARY 26, 1989 — ■■■■■■■■■■

*Neely & Player, Donald D. Reemsnyder, David C. Marshall, Gorby, Reeves, Moraitakis & Whiteman, Michael J. Gorby, Mary M. House, Eve A. Appelbaum,* for appellants.

*Walbert & Hermann, David H. Bedingfield, David F. Walbert,* for appellees.