A97A0173. WIELAND v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.
(486 SE2d 694)

JOHNSON, Judge.

Ethicon, Inc. employed Freddie Lee Ausburn as a mechanic. Ausburn also rented motor vehicles and construction equipment to Ethicon as an independent contractor. Ausburn injured Ethicon employee Wesley Bill Wieland as the two helped to demolish a building for Ethicon. At issue in this appeal is whether Ausburn and Wieland were acting as "fellow employees" at the time of the injury. If they were, Ausburn's insurance policy from Georgia Farm Bureau Mutual Insurance Company does not cover Wieland's injury. Because no genuine issue of material fact remains and they were acting as "fellow employees" when the accident occurred, we affirm the grant of summary judgment to Georgia Farm Bureau.

Summary judgment should be granted when there is no genuine issue of material fact and the movant is entitled to judgment as a

matter of law. OCGA § 9-11-56 (c). We review a grant of summary judgment de novo, and must view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Rice v. Huff*, 221 Ga. App. 592 (472 SE2d 140) (1996).

Viewed in this light, the evidence shows Ausburn was employed as a general mechanic by Ethicon, for which he earned an hourly wage and received a biweekly paycheck. Ausburn also owned a truck, bulldozer, backhoe, and other equipment that he frequently rented to Ethicon for $100 to $125 per day. Ethicon paid Ausburn approximately once each quarter for the equipment rentals.

Ausburn purchased an insurance policy from Georgia Farm Bureau that covered several of his vehicles, including a flatbed truck. The policy contained the following exclusion: "This insurance does not apply to any of the following: . . . 5. FELLOW EMPLOYEE. 'Bodily injury' to any fellow employee of the 'insured' arising out of and in the course of the fellow employee's employment."

On August 24, 1994, Ethicon rented the truck and Ausburn drove it. At no charge to Ethicon, Ausburn also supplied a trailer attached to the truck. With the help of other Ethicon employees, Ausburn loaded a roof truss from a building Ethicon was demolishing onto the trailer. Ausburn then drove the truck along a gravel road toward the plant entrance. Wieland, who had been helping with the demolition, was walking alongside the gravel road. Wieland was struck and injured by the truss or some part of the truck or trailer as Ausburn drove by him.

Wieland received workers' compensation benefits from Ethicon's insurer, and brought a negligence action against Ausburn. Georgia Farm Bureau answered on Ausburn's behalf after obtaining his signature on a "Notice and Acknowledgement of Non-Waiver of Rights," preserving Georgia Farm Bureau's right to assert the accident was not covered by Ausburn's policy. Georgia Farm Bureau then brought this declaratory judgment action against Ausburn and Wieland, seeking a determination that the accident was excluded from coverage by the "fellow employee" clause. In opposing Georgia Farm Bureau's motion for summary judgment, Wieland contended the "fellow employee" exclusion did not apply because Ausburn was acting as an independent contractor for Ethicon, not as its employee, when Wieland was injured. The trial court granted the motion, and Wieland appeals.

1. Wieland points to evidence showing Ausburn was sometimes paid through purchase orders for "hauls" or "trips" using his truck. Wieland argues this creates a genuine issue of material fact whether Ausburn acted as an independent contractor in furnishing services, not just equipment, to Ethicon. Ausburn's supervisor, however, testi-

fied Ausburn received his regular hourly wage whenever he performed services for Ethicon, even when he used his own equipment. And regardless of the basis on which Ausburn may have been compensated on other occasions, Ausburn himself affirmed he was "on the clock" when Wieland was injured. On motion for summary judgment, circumstantial evidence that implies, but does not demand, a finding of fact has no probative value against positive and uncontradicted evidence that no such fact exists. See *Bob v. Hardy*, 222 Ga. App. 550, 553-554 (4) (474 SE2d 658) (1996). This argument is therefore without merit.

2. Wieland claims Ethicon did not closely supervise Ausburn's work on the day in question, but merely assigned him to help demolish the building and to dispose of the truss. Wieland also points to testimony that, on his own initiative, Ausburn was in the process of hauling the truss to his own home when he injured Wieland. Wieland contends that because Ethicon merely required particular results from Ausburn, and did not insist on a particular manner in which the work was to be accomplished, Ausburn was acting as an independent contractor and not an employee. See generally *Neese v. Britt Home Furnishings*, 222 Ga. App. 292, 293 (2) (474 SE2d 44) (1996).

We do not agree. One is an employee if the employer retains the *right* to control the manner, method and means of performance, even if the employer does not exercise that right. *Atlanta Braves v. Leslie*, 190 Ga. App. 49, 51 (2) (378 SE2d 133) (1989). The existence of such a right of control is inferred where one is employed generally to perform certain services for another, and there is no specific contract to do a certain piece of work according to specifications for a set price. Id. As discussed in Division 1 above, Ausburn was "on the clock" for his general employment services to Ethicon when the accident occurred. The trial court was therefore authorized to infer that Ethicon retained a right to control Ausburn's work, and to find that Ausburn was Wieland's "fellow employee" when he was injured.

3. Wieland claims that even if Ausburn was acting as an Ethicon employee at the time of Wieland's injury, that injury is covered by another clause of the insurance policy, which provides that one using Ausburn's equipment with his permission is an "insured." Wieland contends Ethicon should be considered the "user" of the truck on the day in question, regardless of whether Ethicon assigned Ausburn or someone else to drive it, because the truck was serving Ethicon's purposes.

Even if Ethicon were considered an insured user, however, the policy still would not provide coverage for Wieland's injury. This is because section II.B.4.a. of the policy excludes from coverage "[b]odily injury to . . . an employee of the 'insured' arising out of and in the course of employment by the 'insured.'" Accordingly, this argument

is without merit.

*Judgment affirmed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 15, 1997.

Before Judge Woods.

*Nelson & Hill, Janet E. Hill, Kesler T. Roberts,* for appellant.

*McClure, Ramsay & Dickerson, John A. Dickerson, Luther H. Beck, Jr., Thomas A. Dowdy,* for appellee.