*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN MCGUIRE III,

       Plaintiff-Appellee,

v

QUALITAS PRIMI, LLC and HEIRLOOM
HOSPITALITY GROUP, LLC,

       Defendants-Appellants.

UNPUBLISHED
October 15, 2024
2:01 PM

No. 367526
Wayne Circuit Court
LC No. 22-010547-NO

Before: CAMERON, P.J., and K. F. KELLY and GARRETT, JJ.

PER CURIAM.

Defendants appeal by right the trial court's order denying their motion for summary disposition under MCR 2.116(C)(10). Because the trial court erred when it concluded that defendants owed a duty to plaintiff, a security guard who was injured while working security for defendants' restaurant, we reverse and remand for entry of summary disposition in favor of defendants.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff, John McGuire, III, worked as a security guard for City Shield and was assigned to work security for a restaurant called Prime and Proper in Detroit, Michigan on January 15 and January 16, 2022. The restaurant, owned by defendants Qualitas Primi, LLC Heirloom Hospitality Group, LLC, had a policy that did not allow patrons to have coats or cellular telephones ("cellphone") in the establishment. On the evening of January 16, 2022, four individuals entered Prime and Proper but would not remove their coats.

Plaintiff was asked by the restaurant manager to confront the patrons. Plaintiff asserts that before he approached the group, he told the manager to call the police. A verbal altercation ensued that plaintiff estimated lasted approximately 10 minutes. After one of the patrons in the group removed a cellphone and began filming, plaintiff grabbed the phone. Plaintiff stated that he was then hit in the head and stabbed in the stomach by one of the men, Fred Massey. Plaintiff subsequently shot and killed Massey after he refused to drop his knife. The police were not called until after Massey was shot.

Plaintiff sued defendants alleging one count of negligence. Defendants moved for summary disposition, arguing that they did not have a duty to plaintiff, because he was hired as a security guard to protect against the criminal acts of third parties. The trial court disagreed, concluding that there was an issue of fact whether defendants breached their duty to plaintiff by failing to reasonably expedite police involvement. This appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Anderson v Transdev Servs, Inc*, 341 Mich App 501, 506; 991 NW2d 230 (2022). Under MCR 2.116(C)(10), summary disposition is appropriate when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." When deciding a motion for summary disposition under MCR 2.116(C)(10), the trial court must consider the "affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion." *Williamson v AAA of Mich*, 343 Mich App 496, 502-503; 997 NW2d 296 (2022) (quotation marks and citations omitted).

## III. ANALYSIS

Defendants argue that the trial court erred when it denied their motion for summary disposition because they did not owe a duty to plaintiff, a security guard, whom they hired to protect against the criminal acts of third parties. We agree.

In an action alleging negligence, the plaintiff must show "(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Johnson v Mich Minority Purchasing Council*, 341 Mich App 1, 15; 988 NW2d 800 (2022) (quotation marks and citation omitted). Concerning duty, "[i]t is a basic principle of negligence law that, as a general rule, there is no duty that obligates one person to aid or protect another." *Bailey v Schaaf*, 494 Mich 595, 604; 835 NW2d 413 (2013).

> However, our common law imposes a duty of care when a special relationship exists. These special relationships are predicated on an imbalance of control, where one person entrusts himself to the control and protection of another, with a consequent loss of control to protect himself. Michigan law has recognized that a special relationship exists between owners and occupiers of land and their invitees, including between a landlord and its tenants and their invitees and between a merchant and its invitees. [*Id*. (quotation marks and citations omitted; quotation cleaned up).]

With respect to the criminal acts of others, the Michigan Supreme Court has recognized that "a merchant has no obligation generally to anticipate and prevent criminal acts against its invitees." *MacDonald*, 464 Mich at 334. Rather, "a merchant's only duty is to respond reasonably to such a situation." *Id*. "To hold otherwise would mean that merchants have an obligation to provide what amounts to police protection . . . ." *Id*. Merchants are entitled to "assume that patrons will obey the criminal law," which is a valid assumption "until a specific situation occurs

on the premises that would cause a reasonable person to recognize a risk of imminent harm to an identifiable invitee." *Id.* at 335. The duty owed by the merchant is to make reasonable efforts to expedite police involvement. *Bailey*, 494 Mich at 614.

In *Turner v Northwest Gen Hosp*, 97 Mich App 1, 2; 293 NW2d 713 (1980),[1] the decedent was a security guard in a hospital where he was shot and killed. The Court, affirming the trial court's order granting summary disposition in favor of the defendant hospitals, stated:

> In this case, defendant hospital, recognizing a duty to safeguard, protect and secure its patients, visitors, doctors and other business invitees, hired an independent security guard company for that purpose. What happened to plaintiff's decedent was the very reason plaintiff's decedent and his employer were hired, i.e., to safeguard against criminal acts of violence. It would be ironic to hold defendant hospital liable to an employee of the very security guard company it hired for protection.
>
> We hold defendant hospital owed no duty to plaintiff's decedent to warn and protect him from the injury and violence which occurred in the instant case. The allegations of negligence in the context suggested by plaintiff's complaint do not give rise to a duty owed by defendant hospital to plaintiff's decedent such as would here entitle plaintiff to damages. There may be, and no doubt are, cases whose facts will give rise to a duty owed by someone employing a security guard company; this is not one. [*Id.* at 3-4.]

Similarly, in *Carter v Mercury Theater Co*, 146 Mich App 165, 166; 379 NW2d 409 (1985), the plaintiff worked as a security guard at the Mercury Theater and was shot and seriously injured after he ejected two patrons. The trial court denied the defendants' motion for summary disposition, which this Court reversed. *Id.* at 166-167. The Court stated that the case was indistinguishable from *Turner* and, as a result, "the same conclusion is inescapable . . . ." *Id.*

And in *Chandler v Motel 6*, unpublished per curiam opinion of the Court of Appeals, issued February 13, 1998 (Docket No. 195137), p 1, the plaintiff, a security guard, was asked to evict loud guests that had caused noise complaints. The plaintiff was assaulted after the defendant motel refused to give back the patrons' money. *Id.* at 2. Rejecting the plaintiff's arguments that the defendant voluntarily assumed the duty to protect him, the Court stated:

> [A] merchant is not ordinarily liable for the criminal acts of third parties that injure a security guard, whose very function is to protect patrons and premises from such activity, even where the merchant arguably assumed a duty relating to security through its agent. [*Id.* at 5.]

---

[1] Unpublished opinions and opinions published before November 1, 1990, are not binding on this Court but may be considered for their persuasiveness. *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017).

Plaintiff contends that both *Turner* and *Carter* are not binding precedent and, moreover, were superseded by *MacDonald v PKT, Inc*, 464 Mich 322; 628 MW2d 33 (2001). In *MacDonald*, 464 Mich at 326-327, the case involved injuries that were sustained at outdoor concerts where certain patrons threw sod at other patrons. Even though it was established that defendants knew about sod throwing from past concerts, the Michigan Supreme Court held that the merchant's duty is limited to responding reasonably to a situation presently occurring on the premises. *Id*. at 335. The Court noted that the issue of what constitutes a reasonable response is typically a matter for the jury, but explained that where there are overriding public policy concerns, the Court may determine the issue as a matter of law. *Id*. at 336.

*MacDonald* is readily distinguishable from the present case because the injured plaintiffs in *MacDonald* were not security guards who had contractually agreed to provide protection for the concert, rather, they were injured concert-goers struck by sod thrown from another unruly patron. *Id*. at 326-327. Plaintiff, therefore, attempts to escape the inevitable conclusion by arguing that unlike the injured parties in *Carter* and *Turner*, plaintiff was not able to seek police assistance himself because there was a policy that he was not allowed to have his cellphone while working. Plaintiff stated that he left his phone in his truck because he was told by Regina that he was not allowed to have it. But plaintiff later testified that he had his cellphone on him but it was "shut off." Moreover, under *Carter* and *Turner*, a security guard—as opposed to a person attending a concert—assumes the risk of harm by the very nature of the relationship between the merchant and the security guard.

The issue of whether plaintiff had his cellphone or was able to use it is ultimately not relevant to our decision. Plaintiff testified that the altercation between himself and the group lasted approximately 10 minutes and did not become violent until the very end. Accordingly, plaintiff did not demonstrate that he was unable to remove himself from the escalating situation to call police himself. If, as plaintiff states, the situation was so dangerous that police needed to be called immediately, there was nothing stopping plaintiff from taking steps to ensure police were called before confronting the patrons.

In sum, the trial court erred when it denied defendants' motion for summary disposition. There was no genuine issue of material fact that defendants did not owe a duty to plaintiff, a security guard, whom they hired to protect against the very threat that resulted in plaintiff's injury.

Reversed and remanded. We do not retain jurisdiction. Defendants, as the prevailing parties, may tax costs. MCR 7.219(A).

/s/ Thomas C. Cameron
/s/ Kirsten Frank Kelly
/s/ Kristina Robinson Garrett